**Edith THORNTON, Petitioner,**

v.

**SECRETARY OF the DEPT. OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–2971 V.

United States Court of Federal Claims.

Aug. 21, 1995.

Edith Thornton, Augusta, GA, pro se.

Victoria Leigh Ott, Vaccine/Torts Branch, Civ. Div., Dept. of Justice, Washington, DC, attorney of record for respondent.

ORDER

HORN, Judge.

This case comes before the United States Court of Federal Claims on petitioner's motion for an extension of time to file a motion for review of the special master's decision. Petitioner, Edith Thornton, filed her petition for compensation under the Vaccine Program, 42 U.S.C. §§ 300aa–1, *et seq.* (Supp. 1995), on October 1, 1990. Petitioner's claim was dismissed by order dated June 5, 1995. Petitioner claims that she had sustained serious injury as a result of the administration of a polio vaccine, Monovalent Sabin # 1, on May 19, 1963, and that the vaccine caused complete paralysis, followed by crippling and debilitating pain, which has adversely affected her health and employability.

On March 28, 1995, following submission of documents and briefs, an evidentiary hearing was held in the case in Atlanta, Georgia, before Chief Special Master Gary J. Golkiewicz. At the hearing, petitioner appeared, along with her attorney of record at the time, A. Leroy Toliver of Atlanta, Georgia. On June 2, 1995, the special master issued an unpublished decision, holding that "[p]etitioner has not demonstrated by a preponderance of the evidence that the polio vaccination she had was either the presumptive cause or factual cause of her medical problems." Consequently, the special master determined that petitioner was not entitled to compensation under the Vaccine Compensation Program, 42 U.S.C. §§ 300aa–1, *et seq.*

With the exception of approximately thirteen months sometime prior to the hearing in her case, during which petitioner appears to have acted *pro se,* Ms. Thornton has been represented by counsel. At the time of the issuance of the special master's final decision, as well as at the hearing, petitioner was represented by Mr. Toliver.

In accordance with the rules of this court, beginning June 2, 1995, when the special master's report was issued, petitioner had thirty (30) days to file a motion with this court to review the decision of the special master. *See* 42 U.S.C. § 300aa–12(e)(1) (Sup.1994); Rules of the United States Court of Federal Claims (RCFC), Appendix J (The

Vaccine Rules), Rule 23. Following issuance of the special master's opinion, the next filing received from petitioner Thornton, now acting *pro se,* was a letter, dated July 1, 1995, for an extension of time to file an appeal with this court. The letter was dated July 1, 1995. Petitioner's request was stamped received by the clerk's office on July 5, 1995. Upon receipt of Ms. Thornton's request at the court, also on July 5, 1995, the clerk's office sent the petitioner's request to this judge for action, noting several defects in the filing. Nonetheless, despite assignment to this judge for consideration of Ms. Thornton's request for an extension of time, the clerk's office entered judgment in the case pursuant to Vaccine Rule 11(a), and sent copies of the judgment to both parties.

In her request for an extension of time to seek review, petitioner states that she was under the false impression that former counsel had filed an appeal. Upon learning in a letter she received on June 30, 1995 from her counsel that no motion for review had been filed, and that none would be filed, petitioner submitted a hand-written request to the court seeking a thirty (30) day extension to find new counsel and to file an appeal. Attorney Toliver still appears on the court records as attorney of record. No motion to relieve him as counsel has been received by the court. According to petitioner's request:

> The reason for the request is that I was under the impression that my attorney had already filed the appeal. Today, June 30, 1995, upon receipt of a letter from my former attorney, Mr. Tolliver, I was informed that nothing had been done to date and that he had no intention of doing anything further in this matter.

The only issue currently before this court is whether petitioner's motion to seek review of the special master's decision may be granted. The merits of the decision issued by the special master are not reviewed by the court at this time.[1]

Vaccine Rule 23, Motion for Review and Objections, states:

> To obtain review of a special master's decision, within 30 days after the date on which the decision is filed, a party must file with the clerk a motion for review of the decision. No extensions of time under this rule will be permitted, and failure of a party to timely file such a motion shall constitute a waiver of the right to obtain review.

RCFC, Appendix J, Rule 23.

While this court clearly limits this order to the facts of the specific case currently before it, the court is aware of the extreme inflexibility of 42 U.S.C. § 300aa–12(e)(1) and Vaccine Rule 23 as previously interpreted. Vaccine Rule 23 was designed to implement 42 U.S.C. § 300aa–12(e)(1), which provides:

> Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision. If such a motion is filed, the other party shall file a response with the clerk of the United States Court of Federal Claims no later that 30 days after the filing of such motion.

42 U.S.C. § 300aa–12(e)(1). The court notes, however, that the phrase "no extensions of time under this rule will be permitted" included in RCFC Appendix J, Rule 23, does not appear in statutory section 42 U.S.C. § 300aa–12(e)(1), and apparently was added in vaccine rule 23 by the drafters of that rule.

The United States Court of Appeals for the Federal Circuit has held that "the 30–day time period in which to file a motion for review under section 300aa–12(e)(1) is jurisdictional." *Widdoss v. Secretary of Dep't of Health and Human Services,* 989 F.2d 1170, 1177–78 (Fed.Cir.1993). In *Widdoss,* the court noted that RCFC 60(b) may not be used to alter jurisdiction, such as "to toll, extend, or waive the time period in which to appeal." In *Widdoss,* the Federal Circuit

---

1. The court is aware that Ms. Thornton's letter is framed as a request for "an extension to file an appeal." Recognizing that petitioner is proceeding *pro se,* the court should not insist on form over substance and should interpret the words included in her request with some latitude.

Once petitioner's motion for review has been accepted by the court, the court believes it can order petitioner to supplement her filing to more fully inform the court of the basis for her motion to review in the appropriate memorandum of objections described in Vaccine Rule 24.

found that this court did not have jurisdiction to hear petitioner's motion to review because the filing of the motion to review the special master's decision was untimely. *Widdoss,* 989 F.2d at 1172. As a result, the Claims Court decision in *Widdoss* was vacated and the case was remanded to enter judgment in accordance with the special master's decision. *Id.* Likewise, in *Patton v. Secretary of Dep't of Health and Human Services,* 25 F.3d 1021, 1027–1028 (Fed.Cir.1994), which follows *Widdoss,* the Court of Appeals for the Federal Circuit held that it was correct to reduce the decision of the special master to final judgment upon failure of the parties to seek review inside the 30-day limit.

While not ignoring past precedent, this court finds that the facts of Ms. Thornton's case may present unique circumstances and timing to indicate that justice would be best served by allowing Ms. Thornton to have an opportunity to pursue a review of the special master's decision, based, in part, on the inability of the court to be absolutely certain that Ms. Thornton's request did not reach the court for filing on time.

Moreover, the court notes language included in a recent case by the Court of Appeals for the Federal Circuit on the subject of statutory time bars, as follows:

> In so doing, the Government neglects to point out that the question of statutory time bars and sovereign immunity is no longer amenable to bright-line rules, and that the historic role of strict construction of sovereign immunity has been thrown into considerable question by recent Supreme Court decisions. *See, e.g., United States v. Locke,* 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985) (stating that the Court was leaving open the general question of whether principles of equitable tolling, waiver, and estoppel apply against the Government when it involves a statutory filing deadline); *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (*Irwin*) (holding that the rule of equitable tolling of statutory time bars is applicable to suits against the Government in the same way that it is applicable to private suits). For a discussion of the uneven application of sovereign immunity rules in this area, specifically acknowledged by the Court in *Irwin, see* Charles A. Wright & Arthur B. Miller, 4a *Federal Practice and Procedure* § 1163 (1987); *see also* Cynthia Reed, "Time Limits for Federal Employees Under Title VII: Jurisdictional Prerequisites or Statutes of Limitation?," 74 Minn.L.Rev. 1371 (1990), for an exhaustive treatment of the differing views among the circuits.

> For the reasons we shall explain, it is unnecessary in this case for us to examine in detail the current state of sovereign immunity doctrine as it applies to statutory time-bars. *See Wood–Ivey Systems Corp. v. United States,* 4 F.3d 961, 968 (1993) (Plager, J., concurring) for a fuller discussion of this issue. It is enough to note that, given the complex and subtle nature of this inquiry, it is not helpful to a court to have the Government treat it as a simply black-and-white proposition, nor does it enhance the credibility of the Government's position.

*Henke v. United States,* United States Court of Appeals for the Federal Circuit, 60 F.3d 795 (1995).

In the instant case, petitioner's request to review the special master's opinion was due to be filed with the court on Monday, July 3, 1995. Although for the most part, Ms. Thornton had been represented by counsel throughout the proceedings, which date back to October 1, 1990, it was not until Friday, June 30, 1995, that she learned her attorney had not filed an appeal and did not intend to do so. Without commenting on the conduct of petitioner's counsel during the proceedings before the special master, it is clear that attorney Toliver placed Ms. Thornton in a difficult position by not informing her that no appeal had been filed and that one would not be filed, until one day before her time to take such action was due to expire. Operating *pro se,* Ms. Thornton, nonetheless, produced and appears to have mailed her request that same day. Although the office of the clerk has not preserved the envelope in which her papers were sent to the court, the letter signed by Ms. Thornton in which she seeks

an opportunity to have the special master's decision reviewed is dated July 1, 1995.

Moreover, as the clerk of the United States Court of Federal Claims, David A. Lampen, indicates in an affidavit submitted to the court and the parties for review.[2] Ms. Thornton's unique situation was further compounded by the fact that Monday, July 3, 1995, was a particularly unusual day for the delivery and receipt of mail at the court. The next day, July 4, 1995, was a federal holiday on which the court was closed. Normally, the clerk's office receives a morning and an afternoon mail delivery each day. Apparently, on Monday, July 3, 1995, the day before Independence Day and the day on which Ms. Thornton's filing was due, there was no afternoon delivery. Ms. Thornton's motion for an extension of time to file a motion for review, dated July 1, 1995, was opened by personnel in the clerk's office and marked received on Wednesday, July 5, 1995.

The record in the case and the affidavit from the clerk of the court further indicate that Ms. Thornton, upon being thrust into acting as a *pro se* litigant one day before the filing deadline, attempted to act promptly. Further, on Monday, July 3, 1995, petitioner called the clerk's office and inquired as to whether the motion she had mailed to the court had been received and filed, again evidencing her concern to conform with the time requirements. Therefore, it would appear that in the interests of fundamental fairness, the court should acknowledge that the apparent untimeliness of petitioner's filing, if, in fact, it was not received by the court in a timely fashion, was due to unique circumstances beyond her control.

Based on the unique facts surrounding petitioner's plea, this court, hereby, VACATES the judgment entered by the clerk of the court on July 5, 1995 and GRANTS petitioner an opportunity to have the opinion issued by the special master on June 5, 1995 reviewed by this court. The clerk of the court is instructed to send a copy of the vaccine rules to the petitioner along with a copy of this order.

**2.** Due to the proximity of the critical dates involved in the case, the court asked the clerk of

In response to a request from the court, counsel for defendant has informed the court that the Department of Justice will not seek reconsideration of this order. Petitioner will have until September 7, 1995 to file a completed memorandum of objections and motion for review with this court. The filing shall fully comply with the vaccine rules of this court.

By the issuance of this order, the court takes no position on the merits of petitioner Thornton's motion for review of the special master's dismissal of her petition.

**IT IS SO ORDERED.**

the court to provide an affidavit to clarify the sequence of events in his office.