Peggy GRIMES, legal guardian and next
friend of Jason Raye Grimes,
Petitioners–Appellants,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN SER-
VICES, Respondent–Appellee.

No. 92–5067.

United States Court of Appeals,
Federal Circuit.

March 15, 1993.

Paul A. Nelson, Paul A. Nelson, P.A., Tampa, FL, argued, for petitioners-appellants. Of counsel was Kimberly J. Lee.

Michael P. Milmoe, Atty., Torts Branch, Dept. of Justice, Washington, DC, argued, for respondent-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen. and Helen M. Goldberg, Atty.

Before MICHEL, PLAGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

Peggy Grimes, legal guardian and next friend of Jason Raye Grimes (Jason), appeals the judgment of the United States Court of Federal Claims.* When Ms. Grimes did not seek review in the Court of Federal Claims, the court entered judgment on the special master's decision. *Grimes v. Secretary, DHHS*, No. 90–850V (Cl.Ct. Jan.

17, 1992). The special master had determined that Ms. Grimes did not prove that the vaccine caused Jason's injury. *Grimes v. United States*, No. 90–850V, 1991 WL 274234 (Cl.Ct. Dec. 6, 1991). Because Ms. Grimes seeks review in this court without first appealing to the Court of Federal Claims, this court dismisses.

## BACKGROUND

Jason Raye Grimes received DPT inoculations on October 1 and December 8, 1976, and September 14, 1977. Thereafter Jason suffered a variety of chronic health problems, leading to a diagnosis of severe brain damage due to Reye's Syndrome. Jason's paternal grandmother, Peggy Grimes, petitioned for compensation under the Vaccine Program. Ms. Grimes alleged that the vaccinations caused Jason's injuries.

In August 1991, a special master denied petitioner relief under the Vaccine Program. *Grimes v. Secretary, DHHS*, No. 90–850V, 1991 WL 164495 (Cl.Ct. Aug. 9, 1991). Petitioner sought review by the United States Claims Court. In October 1991, the Claims Court remanded the case. *Grimes v. United States*, No. 90–850V (Cl. Ct. Oct. 11, 1991). After reviewing the evidence, another special master, in a thorough and excellently reasoned opinion, concluded that petitioner did not show that the vaccines caused Jason's injury. *Grimes v. Secretary, DHHS*, No. 90–850V, 1991 WL 274234 (Cl.Ct. Dec. 6, 1991).

Title 42 of the United States Code allows parties in a vaccine case thirty days to appeal a special master's initial decision to the Court of Federal Claims. 42 U.S.C. § 300aa–12(e)(1) (Supp. II 1990). In his opinion on remand, the special master noted that the procedural rules were not clear about whether this second special master decision would "automatically trigger" a new thirty-day review period. Therefore, the special master cautioned both parties to request timely instructions from the court.

* The Federal Courts Administration Act of 1992 (Courts Act), Pub.L. No. 102–572, § 902, 106 Stat. 4506 (1992), changed the name of the Unit-

ed States Claims Court to the United States Court of Federal Claims.

■ On December 11, 1991, the Court of Federal Claims issued an order:

To eliminate any uncertainty and to avoid any confusion, the following order is issued.

(1) Absent the filing of a motion, with appropriate brief, for review on or before January 7, 1992, the Clerk of the court is directed, on the basis of the Special Master's December 6, 1991 Opinion On Remand, which concluded that petitioner is not entitled to an award under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa–10, *et seq.*, to dismiss the petition in this case without further order from the court.

*Grimes v. United States,* No. 90–850V (Cl. Ct. Dec. 11, 1991). Petitioner did not request review by the Court of Federal Claims. Instead, on February 7, 1992, petitioner filed a petition in this court for review on the merits. This court must therefore decide whether a petitioner under the Vaccine Program may seek review in this court without first appealing a special master's decision to the Court of Federal Claims.

## DISCUSSION

Individuals initiate proceedings under the Vaccine Act by filing a petition with the Court of Federal Claims. 42 U.S.C. § 300aa–11(a)(1) (1988). The clerk of the court then forwards the petition to a special master. *Id.* § 300aa–12(d)(1) (Supp. II 1990). The special master issues a decision on the petition, including "findings of fact and conclusions of law." *Id.* § 300aa–12(d)(3)(A)(i).

Following the special master's decision, the parties have thirty days to file a motion for review in the Court of Federal Claims. *Id.* § 300aa–12(e)(1). Upon review, the court may: (1) uphold the findings and conclusions of the special master, (2) set aside those findings or conclusions and substitute its own, or (3) remand the petition to the special master for further proceedings. *Id.* § 300aa–12(e)(2). If the parties do not seek review within the thirty-day period, the clerk of the Court of Federal Claims "shall immediately enter judgment in accor-

dance with the special master's decision." *Id.* § 300aa–12(e)(3).

The Vaccine Program further provides that a party "aggrieved by the findings or conclusions of the [Court of Federal Claims] may obtain review of the judgment of the court in the United States [C]ourt of [A]ppeals for the Federal Circuit." *Id.* § 300aa–12(f). Absent such a petition for review by the Federal Circuit, "[t]he findings of fact and conclusions of law of the [Court of Federal Claims] ... shall be final determinations of the matters involved." *Id.*

The Vaccine Act does not make review in the Court of Appeals for the Federal Circuit an alternative to review in the Court of Federal Claims. Rather the Act makes appeal to the Court of Federal Claims a prerequisite for appeal to this court. The Act sets a strict thirty-day time limit within which a party must appeal to the Court of Federal Claims. *Id.* § 300aa–12(e)(1), (3). The Act does not offer the alternative of appeal to the Federal Circuit within that statutory limit. To enforce the strict limit, the Act specifies that the clerk of the Court of Federal Claims "shall immediately enter judgment." *Id.* § 300aa–12(e)(3). If a party does not comply with the thirty-day limit, the clerk's entry of judgment ends the matter. The party has waived appeal to both the Court of Federal Claims and this court.

If, however, a party appeals before the expiration of the statutory limit, then the Court of Federal Claims reviews the special master's decision under the standard in § 300aa–12(e)(2). Upon entry of judgment under § 300aa–12(e)(2), a party enjoys an opportunity to appeal to this court. *Id.* § 300aa–12(f). Parties in compliance with the statutory requirements for review in the Court of Federal Claims have not waived their right to review in that court. After final action by the trial court, those parties may also elect to seek review in this court.

If the Court of Federal Claims has summarily upheld the special master's decision, this court reviews the special master's decision under the standard in § 300aa–12(e)(2).

*Hines v. Secretary, DHHS,* 940 F.2d 1518, 1524 (Fed.Cir.1991); *Grant v. Secretary, DHHS,* 956 F.2d 1144, 1146 (Fed.Cir.1992).

In this case, however, Ms. Grimes did not seek review in the Court of Federal Claims. Upon expiration of the thirty-day limit, the clerk of the trial court entered judgment as required by statute. Having taken no action within the statutory time limit for appeal, Ms. Grimes had no option to seek review in either the Court of Federal Claims or this court. The Act barred further review and specified the consequences of waiving appeal—entry of final judgment by the clerk of the Court of Federal Claims.

■ Although the clerk entered a final judgment for the Court of Federal Claims, this judgment stemmed from waiver of appeal rights. The clerk of the trial court entered judgment because Ms. Grimes did not appeal within the thirty-day period specified by statute and ordered by the court. This particular judgment of the Court of Federal Claims gave Ms. Grimes no appeal rights to this court. Having waived appeal, Ms. Grimes had no further rights to appeal to this court.

In § 300aa–12(e) the Act set forth a time limit for appeal. Having failed to comply with that statutory requirement, Ms. Grimes had no recourse to this court.

DISMISSED.