1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Stella U. POUSHA, for her son Michael A. POUSHA, Appellant,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellee.
 No. 93-5003.
 United States Court of Appeals, Federal Circuit.
 June 14, 1993.
 
 Before NIES, Chief Judge, MAYER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stella U. Pousha, mother of Michael A. Pousha, appeals the judgment of the United States Court of Federal Claims.[1] Ms. Pousha's claim under the National Childhood Vaccine Injury Act of 1986[2] was dismissed as untimely by the chief special master. When Ms. Pousha failed to seek review in the Court of Federal Claims, the clerk of the court entered judgment on the chief special master's decision. Pousha v. Secretary of the Dept. of Health & Human Servs., No. 91-915V (Cl.Ct. July 21, 1992). Because Ms. Pousha sought review in this court without first appealing to the Court of Federal Claims, we dismiss her appeal.
 
 I.
 
 2
 Michael Pousha was born on September 29, 1952. On April 24, 1953, he received a vaccination against diphtheria, pertussis and tetanus. Within 24 hours, he developed symptoms later diagnosed as encephalopathy. As the alleged result of his vaccination, Michael has suffered from left side hemiplegia throughout his life and has significantly depended upon his now elderly mother, Ms. Pousha.
 
 
 3
 Ms. Pousha allegedly became aware of the Vaccine Compensation Program in July 1990, and received information regarding the submission of petitions in October 1990. She mailed a petition and accompanying documents to the United States Claims Court, now the Court of Federal Claims, which were received and filed on February 13, 1991. On May 23, 1991, the chief special master directed Ms. Pousha's attention to 42 U.S.C. Sec. 300aa-16(a)(1), which mandates that no petition alleging injuries associated with vaccines administered before October 1, 1988, may be filed for compensation after the expiration of 28 months after October 1, 1988, i.e., February 1, 1991. The chief special master ordered Ms. Pousha to show cause why her petition should not be dismissed for failure to comply with the Act's limitations of actions provision.
 
 
 4
 Ms. Pousha responded that although her petition was filed after the statutory deadline, it was mailed on January 30, 1991, prior to the cut-off date. In a thorough June 19, 1992, order, the chief special master rejected this argument and dismissed Ms. Pousha's claim with prejudice. Ms. Pousha did not seek review of the chief special master's decision in the Court of Federal Claims as provided by 42 U.S.C. Sec. 300aa-12(e)(1).[3] In accordance with Sec. 300aa-12(e)(3), the Clerk of the Court of Federal Claims entered judgment against Ms. Pousha on July 21, 1992. Ms. Pousha then filed a petition for review with this court on September 18, 1992, nearly three months after the chief special master's dismissal order issued.
 
 II.
 
 5
 In Grimes v. Secretary of the Dept. of Health & Human Servs., 988 F.2d 1196, 1198 (Fed.Cir.1993), the court considered whether a "petitioner under the Vaccine Program may seek review in this court without first appealing a special master's decision to the Court of Federal Claims." The court concluded, id., that:
 
 
 6
 The Vaccine Act does not make review in the Court of Appeals for the Federal Circuit an alternative to review in the Court of Federal Claims. Rather the Act makes appeal to the Court of Federal Claims a prerequisite for appeal to this court.
 
 
 7
 Because the petitioner in Grimes did not seek review in the Court of Federal Claims, the court held that the entry of final judgment by the Clerk of the Court of Federal Claims ended her right to judicial review. Her appeal was dismissed. Id. at 1199.
 
 
 8
 As did the petitioner in Grimes, Ms. Pousha failed to seek review in the Court of Federal Claims. Instead, she filed a motion in this court for review on the merits. With no distinction apparent between the instant case and Grimes, we are compelled to follow the binding precedent of this court[4] and dismiss the appeal.
 
 
 9
 A second case decided during the pendency of this appeal, Widdoss v. Secretary of the Dept. of Health & Human Servs., 989 F.2d 1170 (Fed.Cir.1993), precludes alternative action under 28 U.S.C. Sec. 1631 (1988).[5] In Widdoss, the court fully analyzed the Vaccine Act and concluded that "the 30-day time period in which to file a motion to review [in the] Court of Federal Claims under section 300aa-12(e)(1) is jurisdictional." Id. at 1177. As this time period had expired before the case was appealed to us, the case cannot be transferred to the Court of Federal Claims as that court was without jurisdiction to hear Ms. Pousha's claim on the date of her appeal to this court.
 
 
 
 [1]
 The Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516 (1992), changed the name of the United States Claims Court to the United States Court of Federal Claims
 
 
 [2]
 Pub.L. No. 99-660 (Title III), 1986 U.S.C.C.A.N. (100 Stat.) 3755 (codified as amended at 42 U.S.C. Secs. 300aa-1 to 300aa-34 (1988 & Supp.1990) and 42 U.S.C.A. Secs. 300aa-1 to 300aa-34 (West 1991 & Supp.1992)) (Vaccine Act)
 
 
 [3]
 Sec. 300aa-12(e)(1) provides in part that "[u]pon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States [Court of Federal Claims] a motion to have the court review the decision."
 
 
 [4]
 "This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned in banc." Newell Cos. v. Kenney Mfg. Co., 864 F.2d 757, 765, 9 USPQ2d 1417, 1423 (Fed.Cir.1988), cert. denied, 463 U.S. 814 (1989) (citation omitted)
 
 
 [5]
 Section 1631 provides:
 Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.