16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ronald M. PRICE, Petitioner-Appellant,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 93-5191.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1993.
 
 Before NEWMAN, ARCHER, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Ronald M. Price appeals from the entry of a judgment by the United States Claims Court[1] (No. 90-1091V, Sept. 17, 1991). The judgment dismissed Price's petition under the National Childhood Vaccine Injury Act (Vaccine Act), 42 U.S.C. Secs. 300aa-10 to 300aa-34 (1988 & Supp. III 1991), pursuant to the special master's August 14, 1991 order dismissing the petition for failure to state a claim upon which relief can be granted. We dismiss the appeal.
 
 DISCUSSION
 
 2
 Price filed a petition under the Vaccine Act for compensation, but did not file any supporting documentation with this petition. On several occasions, the special master warned Price that if he did not submit any of the supporting documentation listed in 42 U.S.C. Sec. 300aa-11(c) and Vaccine Rule 2(e), his claim would be dismissed. On August 14, 1991, the special master dismissed the petition for failure to state a claim upon which relief can be granted. The Claims Court entered judgment on September 17, 1991, pursuant to the special master's order. On August 16, 1993, Price appealed directly to this court.
 
 
 3
 This court has jurisdiction to review the special master's order dismissing a petition under the Vaccine Act only after the Claims Court has reviewed it. Grimes v. Secretary of the Dept. of Health and Human Servs., 988 F.2d 1196 (Fed.Cir.1993). Because Price did not seek review of the special master's decision in the Claims Court, we may not review it. Moreover, Price's appeal must be dismissed as untimely. The statute requires that an appeal be filed in this court within 60 days from the date of the Claims Court's judgment. See 42 U.S.C. Sec. 300aa-12(f). Price filed his notice of appeal almost two years after the September 17, 1991 judgment. As a result, this court lacks jurisdiction to hear this appeal. See Sofarelli Assoc., Inc. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983).
 
 
 
 [1]
 The Claims Court was renamed the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516