Tammy MAHAFFEY, Petitioner–Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.

No. 03–5164.

United States Court of Appeals, Federal Circuit.

May 21, 2004.

M. Shawn Dingus, The Law Office of M. Shawn Dingus, of Columbus, OH, for petitioner-appellant.

Ann K. Donohue, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. On the brief were Peter D. Keisler, Assistant Attorney General; Timothy P. Garren, Director; John Lodge Euler, Deputy Director; and Joan E. Coleman, Trial Attorney. Of counsel was Gabrielle Manganiello, Attorney.

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Tammy Mahaffey appeals the decision of the United States Court of Federal Claims [1] dismissing her petition for review under the National Vaccine Injury Compensation Program as untimely filed. We affirm the dismissal, and reaffirm that review by the Federal Circuit of a vaccine injury decision by a special master requires intervening review by the Court of Federal Claims.

## BACKGROUND

Ms. Mahaffey, an adult, received injections of the Hepatitis–B vaccine in June and July of 2000. Following administration of the vaccine, Ms. Mahaffey experienced severe headaches, rash, and pain in her joints. These symptoms persisted for more than a year and led her to resign from her job. She filed a petition for compensable injury pursuant to the Vaccine Injury Program. Since the asserted injuries were not listed in the statutory Table of compensable injuries, Ms. Mahaffey was required to prove actual causation. 42 U.S.C. § 300aa–11(c)(1)(C)(ii).

The petition for compensation was assigned to a special master, 42 U.S.C. § 300aa–10, who conducted a trial and found that causation had not been proved. The special master's decision was designated as "filed" in the Court of Federal Claims on May 30, 2003. Ms. Mahaffey then filed a motion for review in the Court

1. *Mahaffey v. Dep't of Health & Human Ser-* *vices,* No. 01–392 V (Fed.Cl. July 23, 2003)

of Federal Claims. The motion was received in the clerk's office on July 2, 2003, two days after the thirty-day time period set by statute:

42 U.S.C. § 300aa–12(e)(1). Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision.

On July 10, 2003 a judge of the Court of Federal Claims ordered that the motion be returned un-filed. On July 23, 2003 the court denied Ms. Mahaffey's request for reconsideration of the order.

On July 14, 2003 the clerk of the Court of Federal Claims issued a Judgment "pursuant to the special master's decision of May 30, 2003" and dismissed Ms. Mahaffey's petition for compensation, with prejudice. Appeal to the Federal Circuit was filed on September 11, 2003, within sixty days after the Court of Federal Claims entered this judgment.

## DISCUSSION

### Timeliness in the Court of Federal Claims

■ The Court of Federal Claims rejected Ms. Mahaffey's motion for review because it reached the court after the statutory thirty-day period for requesting review. Ms. Mahaffey argues that the court misconstrued the statute when it determined that the thirty-day period begins when the special master "files" the decision with the Court of Federal Claims. She argues that a special master's decision is not "issued" until the decision is served upon or received by the petitioner, and that beginning the appeal period with the date the special master files the decision,

instead of the date when the petitioner receives it, unfairly and unconstitutionally places on the petitioner the consequences of any delay in the clerk's office or by the postal service.

The Federal Circuit considered and rejected that construction of the statute in *Hervey v. Sec. of Health & Human Services*, 88 F.3d 1001, 1002 (Fed.Cir.1996). The court held that the date of "issuance" of the special master's decision is not the date on which it is received by the petitioner or counsel, but the date on which the decision was filed with the clerk of the Court of Federal Claims. Ms. Mahaffey points out that the Court of Federal Claims could avoid all review of a special master's decision simply by failing to mail it to the petitioner within thirty days after filing. Such a possible failure of notice, she argues, violates constitutional due process, citing *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) ("parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified"). That argument was rejected in *Hervey*, for although it took ten days for the petitioner in *Hervey* to receive the decision of the special master, the decision was received with adequate time to file a motion for review. This court explained that it was unnecessary to consider the consequences of a "hypothetical case" of no notice at all, when Hervey had twenty days within which to act. The court stated:

A 30-day review period, even when shortened somewhat by a delivery delay, is not an unreasonably short period of time within which to seek review of a lower tribunal's decision.

*Hervey*, 88 F.3d at 1003.

Ms. Mahaffey does not allege a mail delay in receiving the decision of the spe-

cial master. Absent some material and prejudicial delay, her due process claim must be rejected for the same reasons as set forth in *Hervey*. The fact that delay in mailing or receipt might some time occur, although it did not occur in the case under review, is inadequate ground for adjustment of a clear statutory enactment.

■ Ms. Mahaffey also argues that Vaccine Rule 19(c) automatically extends the time for filing a motion for review by three days:

> **19(c).** Whenever a party has the right or is required to do some act within a prescribed period after the service of a paper, and the service is made by mail, 3 calendar days shall be added to the prescribed period, unless the special master or the court directs otherwise.

Ms. Mahaffey states that the decision of the special master was mailed to her attorney, constituting service by mail as contemplated by Rule 19(c). Thus she argues that the thirty-day period is extended by three days. This argument has been rejected as inapplicable to a statutory filing deadline. The Court of Federal Claims has explained:

> Section 12(e) explicitly states that the thirty-day filing period, in which the petitioner has to file a motion for review, starts to run upon issuance of the special master's decision.... Vaccine Rule 19(c), on the other hand, pertains to serving papers and not to extending statutory deadlines for filing appeals. Under Rule 19(c), a party may have an additional three days to act after receiving service of a paper by mail from an opposing party, if the recipient is required to act within a prescribed period after service.

*Taylor v. Sec. of Health & Human Services,* 34 Fed.Cl. 137, 141 (1995). This analysis implements the principle of the Federal Circuit's decision in *Widdoss v. Dep't of Health and Human Services,* 989 F.2d 1170, 1176 (Fed.Cir.1993), wherein the petitioner sought to enlarge the thirty-day review period by invocation of Rule 60(b),[2] leading this court to observe that a procedural rule such as Rule 60(b) or Vaccine Rule 19 cannot extend a statutory period of limitation. *See id.* at 1177–78 ("[I]t is well settled that 'an authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge its jurisdiction[.]' *United States v. Sherwood,* 312 U.S. 584, 589–90, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Moreover, it is clear that 'the [Claims Court] cannot, through its [acknowledged] rule-making power, expand its jurisdiction beyond the limits prescribed by Congress.' *RSH Constructors, Inc. v. United States,* 20 Cl.Ct. 1, 7 (1990) (citing *Rolls–Royce Ltd. v. United States,* 176 Ct.Cl. 694, 364 F.2d 415, 419 (1966)).")

We affirm the decision of the Court of Federal Claims rejecting Ms. Mahaffey's motion for review as untimely filed.

### *Direct Appeal to the Federal Circuit*

■ Alternatively, Ms. Mahaffey argues that even if her motion to the Court of Federal Claims were untimely, interim review by that court of the special master's

---

**2.** Rule 60(b) of the Court of Federal Claims states:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment....

ruling is not required by the statute. Ms. Mahaffey states that the judgment of the Court of Federal Claims, entering the special master's decision, is directly appealable to the Federal Circuit.

42 U.S.C. § 300aa–12(e)(1),(3) states that a party has thirty days to seek review by the Court of Federal Claims of a special master's decision, and if no party seeks such review, the Court of Federal Claims enters judgment on the special master's decision. 42 U.S.C. § 300aa–12(e)(3) ("In the absence of a motion under paragraph (1) respecting the special master's decision or if the United States [Court of Federal Claims] takes the action described in paragraph (2)(A) with respect to the special master's decision, the clerk of the United States [Court of Federal Claims] shall immediately enter judgment in accordance with the special master's decision."). Ms. Mahaffey argues that even if the Court of Federal Claims properly refused to accept her motion for review, direct appeal to this court is authorized. She points out that the decision of the special master was duly filed with the Court of Federal Claims on May 30, 2003, and on July 14, 2003 that court entered judgment when no motion for review was deemed filed.

Ms. Mahaffey argues that no statute requires intervening review of the special master's decision by the Court of Federal Claims before appeal can be taken to the Federal Circuit, and that § 300aa does not differentiate between appeals of judgments of the Court of Federal Claims after decision of a motion for review, and appeals of judgments issued without such review. The statute does not discuss this aspect, but simply states that an aggrieved party has sixty days to appeal a judgment of the Court of Federal Claims to the Federal Circuit. Section 300aa–12(f) states:

(f) The findings of fact and conclusions of law of the [United States Court of Federal Claims] on a petition shall be final determinations of the matters involved, except that the Secretary or any petitioner aggrieved by the findings or conclusions of the court may obtain review of the judgment of the court in the United States Court of Appeals for the Federal Circuit upon petition filed within 60 days of the date of the judgment with such Court of Appeals within 60 days of the date of entry of the [United States Court of Federal Claims'] judgment with such court of appeals.

Ms. Mahaffey argues that the statute permits a petitioner to choose between review of the special master's decision in the Court of Federal Claims, and direct appeal to the Court of Appeals for the Federal Circuit.

That position was considered and rejected in *Grimes v. Dep't of Health & Human Services,* 988 F.2d 1196 (Fed.Cir.1993). In *Grimes* the petitioner sought to appeal a decision of a special master directly to the Federal Circuit. This court stated:

The Vaccine Act does not make review in the Court of Appeals for the Federal Circuit an alternative to review in the Court of Federal Claims. Rather the Act makes appeal to the Court of Federal Claims a prerequisite for appeal to this court. The Act sets a strict thirty-day time limit within which a party must appeal to the Court of Federal Claims.... The Act does not offer the alternative of appeal to the Federal Circuit within that statutory limit.... If a party does not comply with the thirty-day limit, the clerk's entry of judgment ends the matter. The party has waived appeal to both the Court of Federal Claims and this court.

*Id.* at 1198.

Ms. Mahaffey states that *Grimes* was wrongly decided, and asks that we recon-

sider its holding en banc. She points out that no statute requires intervening review by the Court of Federal Claims, and argues that although the Vaccine Act permits such review, it does not require such review, citing 42 U.S.C. § 300aa–12(d)(3)(A):

> [T]he decision of the Special Master *may* be reviewed by the United States Court of Federal Claims in accordance with subsection (e).

We agree that section 12(d)(3) does not require review by the Court of Federal Claims. However, the statute is silent about direct appeal to the Federal Circuit upon choosing to forgo review by the Court of Federal Claims. This court's interpretation in *Grimes* of this silence as barring direct appeal is an appropriate application of the rules of jurisdictional authority, and a reasonable interpretation of congressional intent concerning the appellate procedures established by statute. Appeal to the Federal Circuit of the fact-laden decisions of special masters is better served when those decisions have had the benefit of intervening scrutiny by the Court of Federal Claims. As explained in *Grimes*, review by the Court of Federal Claims of the special master's decision is not obligatory in order for judgment to be entered, but it is obligatory if further appeal to the Federal Circuit is desired. The alternative request for direct appeal to the Federal Circuit is denied. The action of the Court of Federal Claims is

*AFFIRMED.*

No costs.