**Joanne BAKER, legal representative for Jonathan BAKER, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 99–653V.

United States Court of Federal Claims.

Originally Filed July 7, 2004.

Reissued For Publication Aug. 31, 2004.

Joanne Baker, pro se, Scarsdale, New York.

Ann Kathleen Donohue, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Peter D. Keisler, for respondent. Timothy P. Garren, Director, Mark W. Rogers, Acting Deputy Director, and Gabrielle M. Fielding, Assistant Director.

## *OPINION and ORDER*

FUTEY, Judge.

This *pro se* vaccine case is before the court on petitioner's motion for review of the special master's decision denying entitlement to compensation. Petitioner asserts that the special master's decision was based on information improperly obtained through inde-

pendent research outside the scope of the record. Petitioner also maintains that the special master's remarks and actions during the course of the proceedings contravened the Canons of Judicial Conduct. Specifically, petitioner contends that the special master's conduct demonstrated a lack of independence and impartiality. On the other hand, respondent maintains that petitioner's motion should be dismissed as untimely. Respondent also avers, in the alternative, that the special master's "dismissal of the petition is more than amply supported by the extensive record."[1]

## Factual Background

In the underlying action, petitioner, Joanne Baker, as legal representative for her son, Jonathan Baker, sought compensation pursuant to the National Childhood Vaccine Injury Act of 1986 (Vaccine Act), 42 U.S.C. §§ 300aa–1 to 300aa–34, for alleged vaccine related injuries. On September 26, 2003, the special master held that petitioner "failed to prove a prima facie case that, more likely than not, childhood immunizations were a substantial factor in causing Jonathan's IDDM [insulin dependent diabetes mellitus] and but for his receipt of these vaccinations, he would not have had IDDM." *Baker v. Sec'y of DHHS*, 2003 WL 22416622, at *36 (Fed.Cl.Spec.Mstr. Sept. 26, 2003). The special master also ordered the Clerk of the United States Court of Federal Claims (Court of Federal Claims) to enter judgment in the absence of a motion for review within the thirty-day time frame designated by the Vaccine Rules. *Id.*[2] The Clerk of the Court subsequently entered judgment on November 10, 2003.

The scattered filings that followed were unfortunately indicative of procedural misunderstandings that frequently accompany well-intentioned *pro se* submissions. The filings were received by both the United States Court of Appeals for the Federal Circuit (Federal Circuit) as well as this court. On January 7, 2004, petitioner filed a motion for review with the Federal Circuit. On March 24, 2004, the Federal Circuit dismissed petitioner's appeal for failure to prosecute. *Baker v. Sec'y of DHHS*, 95 Fed.Appx. 313 (Fed. Cir.2004) (unpublished). Petitioner then attempted to file a motion for review in this court. The case was assigned to the undersigned judge on May 6, 2004, and petitioner's motion for review was filed in this court by leave of the judge on May 11, 2004.

In the interim, petitioner filed a motion for reconsideration of the Federal Circuit's March 24, 2004, order. On May 19, 2004, the Federal Circuit granted petitioner's motion for reconsideration and ordered, *inter alia*, that: 1) petitioner's newly retained counsel obtain admission to the Federal Circuit's bar; and 2) a formal brief be filed within sixty days. *Baker v. Sec'y of DHHS*, 98 Fed. Appx. 895 (Fed.Cir.2004) (unpublished).[3] On June 10, 2004, respondent filed with this court a timely response to petitioner's motion for review. See Vaccine Rule 25(a) (explaining that a response must be filed within thirty days of a motion for review).

## Discussion

Petitioner's substantive arguments assume that this court possesses jurisdiction to entertain the action. As respondent correctly recognizes, however, the court cannot simply overlook the antecedent jurisdictional issue— the significant gap between the date the special master's decision was issued and the date on which petitioner's motion for review was filed.

The court is cognizant that "[a]ll pleadings shall be so construed as to do substantial justice." RCFC 8(f). The court also acknowledges that *pro se* plaintiffs receive more latitude in their pleadings and are not held to the rigid standards and formalities imposed upon parties represented by counsel. *Estelle v. Gamble*, 429 U.S. 97, 106, 97

1. Memorandum In Response To Petitioner's Motion For Review And Motion To Dismiss at 8.

2. The Vaccine Rules are located in Appendix B of the Rules of the United States Court of Federal Claims.

3. Although the Federal Circuit indicated that petitioner had retained counsel, no notice of appearance was filed in this court. Petitioner's *pro se* status in these proceedings, therefore, has not changed.

S.Ct. 285, 50 L.Ed.2d 251 (1976). Against this backdrop, the court took great effort to liberally construe petitioner's motion for review and "held [it] to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, the leniency accorded *pro se* plaintiffs cannot be construed as allowing the court to cast aside jurisdictional prerequisites. *Demes v. United States,* 52 Fed.Cl. 365, 372 n. 9 (2002) (explaining that "*pro se* status does not relieve plaintiffs of their jurisdictional burden"); *Myers v. United States,* 50 Fed.Cl. 674, 680 n. 14 (2001) ("[A]lthough the plaintiff is proceeding *pro se,* he still has the burden of establishing jurisdiction.") (citing *Sanders v. United States,* 34 Fed.Cl. 75, 78 (1995)).

The Vaccine Act provides, in pertinent part, the following: "Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision." 42 U.S.C. § 300aa–12(e)(1). If no motion is filed within the thirty-day time period, the Vaccine Act directs the Clerk of the Court to "immediately enter judgment in accordance with the special master's decision." *Id.* § 300aa–12(e)(3).

Vaccine Rule 23 mirrors these requirements: "To obtain review of a special master's decision, within 30 days after the date on which the decision is filed, a party must file with the clerk a motion for review of the decision." In addition, Vaccine Rule 23 does not remain silent as to what will occur in the event a party chooses to forego its option of filing a motion, or fails to file a motion, within the thirty-day time period. Rather, Vaccine Rule 23 explicitly provides that: "No extensions of time under this rule will be permitted, and the failure of a party to timely file such a motion shall constitute a waiver of the right to obtain review."

The thirty-day time period has been held to be jurisdictional in nature. *Widdoss v.*

*Sec'y of DHHS,* 989 F.2d 1170, 1176–77 (Fed. Cir.1993) (explaining that "filing a motion to review ... within the 30–day period is a prerequisite to [this court's] jurisdiction"); *Grimes v. Sec'y of DHHS,* 988 F.2d 1196, 1198 (Fed.Cir.1993). The Vaccine Act provides that the thirty-day clock begins ticking when the special master issues the decision. 42 U.S.C. § 300aa–12(e)(1). It is not subject to dispute that a decision is considered issued when it is filed with the Clerk of the Court. *Mahaffey v. Sec'y of DHHS,* 368 F.3d 1378, 1380 (Fed.Cir. May 21, 2004); *Hervey v. Sec'y of DHHS,* 88 F.3d 1001, 1002 (Fed.Cir. 1996).

A review of the pertinent case reveals that the Federal Circuit and this court have demanded strict compliance with the filing date. The case law is replete with instances in which a motion for review was deemed untimely where it was filed more than thirty days after the date the special master's decision was issued. *Widdoss,* 989 F.2d at 1178 (31 days after the special master's decision was issued); *Decker v. Sec'y of DHHS,* 51 Fed.Cl. 288 (2001) (same); *Taylor v. Sec'y of DHHS,* 34 Fed.Cl. 137, 139 (1995) (same); *Bee Her v. Sec'y of DHHS,* 33 Fed.Cl. 542, 542 (1995) (same); *Mahaffey,* 368 F.3d at 1381 (32 days after the special master's decision was issued); *Hervey,* 88 F.3d at 1003 (39 days after the special master's decision was issued); *Sapharas v. Sec'y of DHHS,* 35 Fed.Cl. 503, 504 (1996) (48 days after the special master's decision was issued); *Dodson v. Sec'y of DHHS,* 28 Fed.Cl. 550, 553 (1993) (63 days after the special master's decision was issued).[4]

Petitioner in this case had thirty days from the special master's decision of September 26, 2003, to file a motion for review. Petitioner filed her motion for review with the Federal Circuit on January 7, 2004—103 days after the special master's decision was issued. The motion for review was not filed in this court until 228 days had elapsed. In light of the Vaccine Act's mandate, and the overwhelming weight of authority dismissing

---

**4.** Several of these cases concluded that the motion for review was untimely only after analyzing whether equitable tolling should apply. Their consideration of equitable tolling, however, does

not in any way alter the proposition for which the cases are cited. There would have been no need to invoke the doctrine had the underlying filing been timely.

motions for review which were filed only one or two days after the thirty-day deadline, petitioner's motion for review filed over 100 days past the cut-off date must plainly be dismissed as untimely. See *Grimes*, 988 F.2d at 1198 ("If a party does not comply with the thirty-day limit, the clerk's entry of judgment ends the matter."); see also *Setnes v. Sec'y of DHHS*, 57 Fed.Cl. 175, 177–78 (2003) (explaining that the petitioners' motion for review was timely because it was filed within thirty days of the special master's decision).

The court's inquiry, therefore, need not proceed any further. Nevertheless, although the argument was not raised by petitioner, the court will raise the issue of equitable tolling *sua sponte* given petitioner's *pro se* status in these proceedings. The issue is a delicate one, with judges of this court reaching divergent conclusions regarding the doctrine's applicability. The Federal Circuit has not directly addressed the issue, but the reasoning of opinions addressing other aspects of the Vaccine Act have been analogized or distinguished in Court of Federal Claims' cases involving 42 U.S.C. § 300aa–12(e)(1) & 12(e)(3) and RCFC 23. The court, however, can save the task of reconciling these decisions for another day. Petitioner's belated motion cannot find solace under either position accepted by this court.

The court first analyzes petitioner's motion in a context where equitable tolling of the thirty-day time limit is unavailable. *Decker*, 51 Fed.Cl. at 292–96 (explaining that equitable tolling does not apply to the Vaccine Act). Assuming *Decker* was correctly decided, tolling the thirty-day time deadline would not be an option. The court's inquiry would be limited to discerning whether petitioner's motion for review was filed within the thirty days following the special master's decision. As it has already been established that petitioner's motion was not filed in that time frame, petitioner's motion is untimely.

Petitioner's claim fares no better under circumstances where the court could toll the thirty-day time limit. Several decisions of

this court have invoked the doctrine and looked to the facts to determine if equitable tolling was appropriate. *Taylor*, 34 Fed.Cl. at 140–41; *Raspberry v. Sec'y of DHHS*, 32 Fed.Cl. 777 (1995); *Bee Her*, 33 Fed. Cl. at 543–46.[5] In applying this line of cases, the court's analysis is slightly more in-depth. A concise statement of when equitable tolling should apply was set forth in *Raspberry*:

> A determination as to whether facts support equitable tolling must be made on a case-by-case basis. In making such a determination, courts have invoked equitable tolling sparingly to protect statutory deadlines from becoming blurred and unreliable. As the Supreme Court explained in *Irwin*, "the principles of equitable tolling ... do not extend to ... a garden variety claim of excusable neglect," and "[courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."

*Raspberry*, 32 Fed.Cl. at 782 (citations omitted). On the facts, this court concluded in *Raspberry* that the particular circumstances warranted tolling the thirty-day time limit. The petitioner mailed the motion for review two days before the deadline expired. *Id.* at 778. The petitioner chose an established courier and relied on the courier's guarantee that the motion would be delivered overnight. *Id.* The courier failed to live up to its guarantee and the motion was delivered one day beyond the thirty-day time limit. *Id.* Petitioner's scenario in this case, however, is not comparable to the situation in *Raspberry*. Petitioner's motion for review was significantly more than one day late and there is no indication that the delay was the result of circumstances beyond her control. The court would be straining *Raspberry* beyond recognition to hold that it is applicable here.

On the other hand, petitioner's situation is more in line with the cases where this court examined, and in turn rejected, the application of equitable tolling. For example, where the facts revealed a lack of due diligence, this court declined to apply equitable tolling.

---

5. Notably, these cases invoking the doctrine of equitable tolling were decided prior to the Federal Circuit's decision in *Brice v. Sec'y of DHHS*, 240 F.3d 1367 (Fed.Cir.2001). This court in *Decker* relied heavily on *Brice* to reach its conclusion.

*Decker,* 51 Fed.Cl. at 296 (holding in the alternative that the petitioners failed to exercise due diligence); *Bee Her,* 33 Fed.Cl. at 545–46. This court also refused to apply the doctrine where a one-day delay was caused by counsel's erroneous interpretation of court rules. *Taylor,* 34 Fed.Cl. at 141.

After careful examination, the court concludes that equitable tolling is not appropriate in this case. There was silence on petitioner's part for over three months. No effort was made to apprise the court that a motion for review was being prepared. See *Thornton v. Sec'y of DHHS,* 34 Fed.Cl. 72, 73 n. 1 (1995) (explaining that this court had the authority to order the petitioner to supplement a timely, but incomplete, motion for review to more fully explain its reasoning). When petitioner did file another document, the thirty-day time period had elapsed more than three times over. Petitioner's motion for review does not provide or allude to any explanation for the delay, and none of the cases addressing equitable tolling come close to justifying a non-explained delay of several months. The court is simply unwilling to extend a doctrine, which is to be applied sparingly so as not to blur or render unreliable statutory deadlines, to the facts of this case. See *Raspberry,* 32 Fed.Cl. at 782.

Despite the seemingly daunting task of persuading the court to apply the doctrine of equitable tolling, "[r]elief has been allowed in cases where a claimant files an otherwise timely pleading in the wrong court or is actively tricked or induced to miss the deadline." *Taylor,* 34 Fed.Cl. at 141 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). No allegation regarding the latter has been put forth. As to the former, there is no doubt that petitioner's January 7, 2004, motion for review was filed in the wrong court. It was recently "reaffirm[ed] that review by the Federal Circuit of a vaccine injury decision by a special master requires intervening review by the Court of Federal Claims." *Mahaffey,* 368 F.3d at 1379; see also *Grimes,* 988 F.2d at 1198–99.

It would be proper, therefore, for the court to look to the date the motion for review was filed with the Federal Circuit. That conces-sion, however, only gets petitioner so far. Assuming that the motion for review was deemed filed in this court on the date it was filed with the Federal Circuit, the assumption would benefit petitioner only to the extent the filing with the Federal Circuit was timely. *Taylor,* 34 Fed.Cl. at 141 (citing *Irwin,* 498 U.S. at 95–96, 111 S.Ct. 453). As was discussed above, petitioner's motion for review was filed with the Federal Circuit 103 days after the special master's decision was issued. Unfortunately, that is still 73 days too late.

Given the disposition of this case, the court expresses no opinion concerning the parties' arguments on the merits. The court is merely adhering to the "age-old rule that [it] may not in any case, even in the interest of justice, extend its jurisdiction where none exists .…" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

*Conclusion*

For the above-stated reasons, petitioner's motion for review was filed outside the statutory thirty-day period and is, therefore, untimely. The Clerk of the Court is directed to DISMISS the complaint for lack of subject matter jurisdiction.

Pursuant to Vaccine Rule 18(b), the parties shall have until Wednesday, July 21, 2004, to notify the court of any portion of the opinion that should be redacted prior to publication. No costs.

IT IS SO ORDERED.