NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOWARD GREENBERG, DENISE GREENBERG, PARENTS OF J.G., A MINOR,**
*Petitioners-Appellants*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2016-1187

---

Appeal from the United States Court of Federal Claims in No. 1:08-vv-00024-TCW, Judge Thomas C. Wheeler.

---

Decided: May 6, 2016

---

HOWARD GREENBERG, DENISE GREENBERG, J.G., Kihei, HI, pro se.

HEATHER LYNN PEARLMAN, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, RUPA BHATTACHARYYA, VINCENT J. MATANOSKI.

Before TARANTO, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

When he was one-year old, J.G., child of Howard and Denise Greenberg, received a measles, mumps, and rubella vaccination. One year later, he was diagnosed with a form of autism. A few years after J.G.'s diagnosis, the Greenbergs filed a petition with the United States Court of Federal Claims seeking compensation under the National Vaccine Injury Compensation Program of the National Childhood Vaccine Injury Act of 1986, codified as amended at 42 U.S.C. § 300aa-1 *et seq.* A special master dismissed their petition as untimely and for failure to show that J.G. suffered a relevant post-vaccination injury, and the Court of Federal Claims entered final judgment. The Greenbergs did not appeal from that judgment, but they sought post-judgment relief by filing a motion for reconsideration. The special master denied their motion, and the Court of Federal Claims affirmed. Because the special master's refusal to reconsider his decision showed no abuse of discretion, we affirm.

BACKGROUND

J.G. was born on April 10, 2003. He passed all developmental milestones at several "well-child" doctor visits during his first year. On April 13, 2004, J.G. received a vaccination for measles, mumps, and rubella (MMR). Between that visit and his 15-month well-child visit, the Greenbergs called J.G.'s doctors at least three times, concerned about J.G.'s swollen gums and fussiness (the medical notes refer to molars coming in), bumps on his limbs and torso, and an allergic reaction to peanuts. At his 15- and 18-month well-child visits in July and October 2004, J.G.'s medical records show him continuing to meet all developmental goals. And the medical notes record

"none" next to "shot reaction" through J.G.'s first 18 months.

At his two-year well-child visit, J.G.'s parents raised concerns about his tantrums, screeching, and limited speech. Half a year later, in January 2006, a pediatrician determined that J.G. had a significant speech delay, unusual behavior patterns, and impaired social interactions. In the pediatrician's opinion, J.G.'s behavior was consistent with Pervasive Developmental Disorder, a variant of autism.

On January 14, 2008, the Greenbergs filed, in the Court of Federal Claims, a petition alleging that J.G.'s MMR vaccine caused his autism and that the National Vaccine Injury Compensation Program thus required compensation. To show entitlement to compensation, the Greenbergs needed to show by a preponderance of the evidence either (a) that J.G. had received a vaccine listed on the Vaccine Injury Table and suffered an injury listed on the Table as corresponding to that vaccine (a "table injury"), without additional proof of causation, or (b) that administration of a Table-listed vaccine had actually caused or significantly aggravated some injury not listed on the Table for that vaccine. 42 U.S.C. §§ 300aa-13(a)(1), 300aa-11(c)(1); *Cedillo v. Sec'y of Health & Human Servs.*, 617 F.3d 1328, 1335 (Fed. Cir. 2010). Autism was (and is) not a table injury for the MMR vaccine. 42 U.S.C. § 300aa-14; 42 C.F.R. § 100.3.

The court assigned the Greenbergs' petition to a special master. 42 U.S.C. §§ 300aa-11(a)(1), 300aa-12(d). Initially, the Greenbergs' petition was considered during a multi-case proceeding about autism—the Omnibus Autism Proceeding. *See Cedillo*, 617 F.3d at 1334; *Hazlehurst v. Sec'y of Health & Human Servs.*, 604 F.3d 1343, 1345 (Fed. Cir. 2010). When that proceeding ended, the Greenbergs filed an amended petition, seeking compensation only for a table injury based on the allegation that

J.G. had suffered an encephalopathy within 15 days of receiving the April 2004 MMR vaccine. 42 U.S.C. § 300aa-14(a)(II)(B).

On December 8, 2014, the special master dismissed the Greenbergs' petition. *Greenberg v. Sec'y of Health & Human Servs.*, No. 08-24V, 2014 WL 7496604, at *1 (Fed. Cl. Office of Special Masters Dec. 8, 2014). He first concluded that their petition was time-barred. J.G. received his MMR vaccine on April 13, 2004, and if his symptoms began within 15 days (as alleged), the petition for compensation had to be filed within 36 months of April 28, 2004, 42 U.S.C. § 300aa-16(a)(2), *i.e.*, April 28, 2007. But the Greenbergs filed their petition in January 2008, beyond the due date. *Greenberg*, 2014 WL 7496604, at *8–9. The special master also found that equitable tolling did not excuse the lateness of the petition, rejecting the argument that the government's endorsement of certain vaccine studies was fraudulent and prevented a timely filing. *Id.* at *9–10.

The special master alternatively determined that the Greenbergs had failed to demonstrate by a preponderance of the evidence that J.G. had suffered, within 15 days of receiving his MMR vaccine, an "acute encephalopathy," followed by at least six months of a "chronic encephalopathy." *Id.* at *13–15 (citing 42 C.F.R. § 100.3(b)(2)). The special master addressed two pieces of evidence concerning the onset of the alleged acute encephalopathy. One was a December 2012 letter, in which Mrs. Greenberg stated that the Greenbergs "first noticed that [J.G.] was sick when he had a fever and seemed very sensitive to his surroundings like to light and sound" and "just seemed weak and out of it and very irritable"; the other was an undated letter from Dr. Kevin Passer confirming the consistency of the descriptions in Mrs. Greenberg's letter with an acute encephalopathy. *Id.* at *14. Because, however, those letters did not state *when* J.G. experienced the described symptoms, the special master found them to

be insufficient proof of the onset of an acute encephalopathy within 15 days of J.G.'s MMR vaccination. *Id.* at *14. Moreover, the special master found that J.G.'s irritability and sensitivity to his surroundings did not indicate "a significantly decreased level of consciousness," a defining symptom of an acute encephalopathy. *Id.* (citing 42 C.F.R. § 100.3(b)(2)(i)). The special master also concluded that another letter by Dr. John Green showed no more than that J.G. suffered a metabolic encephalopathy, a type of encephalopathy not covered by the Vaccine Injury Table. *Id.* at *15 n.17 (citing 42 C.F.R. § 100.3(b)(2)(iii)). Likewise, none of J.G.'s medical records between his one-year well-child visit (when he received the MMR vaccine) and his two-year visit indicated that J.G. had suffered symptoms of an acute or chronic encephalopathy. *Id.* at *14.

The Greenbergs did not timely file a motion seeking review of the special master's decision by the Court of Federal Claims. Accordingly, the special master's decision became a final judgment on January 8, 2015. 42 U.S.C. § 300aa-12(e); U.S. Ct. Fed. Claims, App'x B, Vaccine R. 23 (Vaccine Rule 23).

On February 3, 2015, the Greenbergs moved for reconsideration of the special master's decision. The special master, to whom the motion was assigned, denied the motion on March 20, 2015. He considered the motion under Vaccine Rule 36(a)(2), which allows a petitioner, after entry of judgment, to move "for reconsideration pursuant to [U.S. Ct. Fed. Claims R. (RCFC)] 59 or otherwise seek[] relief from a judgment or order pursuant to RCFC 60."

Insofar as the motion would be read to seek reconsideration of the December 2014 special master's decision, the special master deemed it untimely and also outside RCFC 59 because the Greenbergs had not sought judicial review of the December 2014 decision. Insofar as the

motion would be read to challenge the January 2015 judgment, the special master concluded that RCFC 60(a) was unavailable because the Greenbergs did not allege any "clerical mistakes," "oversights," or "omissions" in that judgment.  The special master also rejected reconsideration under RCFC 60(b).  Because Dr. Passer's and Dr. Green's letters did not support the Greenbergs' table encephalopathy claim, the special master determined that oral testimony from the Greenbergs could not change the result, and he ultimately concluded that no other reason justified reconsideration of his no-encephalopathy finding.  And the special master again rejected the Greenbergs' equitable-tolling argument, while adding that, even if their petition had been timely filed, the Greenbergs' failure to prove a table encephalopathy independently prevented them from receiving compensation.

On March 12, 2015, before the special master ruled on the reconsideration motion, the Greenbergs filed a "Notice of Review" in this court.  On June 10, 2015, we concluded that we lacked jurisdiction, because our jurisdiction does not encompass direct review of special masters' decisions.  J.A. 42; *see Grimes v. Sec'y of Dep't of Health & Human Servs.*, 988 F.2d 1196, 1198 (Fed. Cir. 1993).  We transferred the Greenbergs' notice of review to the Court of Federal Claims in part—not for review by that court of the January 2015 judgment (time had run out on obtaining any such review), but for possible review of the special master's March 2015 order denying reconsideration.

The Court of Federal Claims, acting "in the interest of justice," reviewed and affirmed the special master's order refusing reconsideration as not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Greenberg v. Sec'y of Health & Human Servs.*, No. 08-24V, 2015 WL 6684703, at *2–3 (Fed. Cl. Nov. 2, 2015).  The Greenbergs now appeal from the Court of Federal Claims' decision.   42 U.S.C. § 300aa-12(f).   We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo the Court of Federal Claims' affirmance of the special master's decision denying reconsideration. *See Hines v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 1518, 1523–24 (Fed. Cir. 1991). In effect, we review the special master's underlying decision, setting it aside only if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See id.* at 1524; Vaccine Rule 36(b)(7). The special master determined, and the Greenbergs do not dispute, that the motion for reconsideration should be evaluated only under Vaccine Rule 36(a)(2), and even then only as seeking post-judgment relief under RCFC 60(b).

The special master did not abuse his discretion in finding no Rule 60(b) ground justifying reconsideration of his determination that the Greenbergs had failed to show that J.G. suffered a table encephalopathy. In his December 2014 decision, the special master correctly described the statutes and regulations governing entitlement to compensation for a table encephalopathy, and he discussed at length the application of those laws to the Greenbergs' medical records, affidavits, and letters. Regarding J.G.'s alleged table encephalopathy, the Greenbergs have pointed us to no evidence or arguments undermining the adverse finding on that issue, let alone under the demanding standard for Rule 60(b) relief.

The special master likewise acted within his discretion in rejecting the Greenbergs' argument that reconsideration was warranted because they had been denied an evidentiary hearing before the December 2014 decision. A special master may, but is not required to, conduct an evidentiary hearing. 42 U.S.C. § 300aa-12(d)(3)(B)(v); Vaccine Rule 8(d). The record does not show that the Greenbergs requested an evidentiary hearing, although they could have. *See* Vaccine Rule 6(b). In any event, the Greenbergs filed at least 140 exhibits and participated in

several status conferences with the special masters assigned to their petition, and they have not identified what additional evidence they would have submitted or arguments they would have made at an evidentiary hearing or how such evidence and arguments could have changed the outcome of their case. In these circumstances, we see no abuse of discretion in rejecting the lack-of-evidentiary-hearing basis for reconsideration.

Last, the special master did not abuse his discretion in refusing reconsideration even if equitable tolling might have excused the Greenbergs' untimely petition. The equitable-tolling ruling made no difference to the outcome here, because the special master independently rejected the Greenbergs' claim on the merits, finding that the Greenbergs had failed to show that J.G. suffered a table encephalopathy. Having already concluded that the special master need not have reconsidered his table-encephalopathy determination, we do not disturb the resolution of the Greenbergs' equitable-tolling argument.

CONCLUSION

For the foregoing reasons, the judgment of the Court of Federal Claims is affirmed.

**AFFIRMED**