NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL VEYTSEL,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2024-1476

---

Appeal from the United States Court of Federal Claims in No. 1:23-vv-00428-UNJ.

---

**ON MOTION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

### O R D E R

The Secretary of Health and Human Services moves to dismiss Michael Veytsel's appeal for lack of jurisdiction. Mr. Veytsel has not responded to the motion.

Under the statutory scheme that governs National Vaccine Injury Compensation Program cases, 42 U.S.C.

§§ 300aa-1 to 34, the case is first assigned to a special master for informal adjudication of the petition. *See* § 300aa-12(d)(3). Once the special master has reached a decision, a party has "30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision." § 300aa-12(e)(1). In the absence of such a motion, "the clerk of the . . . Court of Federal Claims shall immediately enter judgment in accordance with the special master's decision." § 300aa-12(e)(3). Here, on June 14, 2023, a special master dismissed Mr. Veytsel's petition for compensation. Mr. Veytsel did not seek review of the special master's decision before the Court of Federal Claims, and judgment was accordingly entered July 19, 2023. On February 8, 2024, this court received Mr. Veytsel's notice of appeal.

This court has long held that the statutory scheme governing Vaccine Act cases "makes appeal to the Court of Federal Claims a prerequisite for appeal to this court." *Grimes v. Sec'y of Dep't of Health & Hum. Servs.*, 988 F.2d 1196, 1198 (Fed. Cir. 1993); *see also Mahaffey v. Sec'y of Dep't of Health & Hum. Servs.*, 368 F.3d 1378, 1382–83 (Fed. Cir. 2004) (noting that review by the Court of Federal Claims is "obligatory if further appeal to the Federal Circuit is desired"). Here, Mr. Veytsel did not seek review by the Court of Federal Claims and thus cannot presently seek review in this court. This court, however, will transmit the February 8, 2024 notice of appeal to the Court of Federal Claims for consideration of whether the notice of appeal can be construed as a motion for review under § 300aa-12(e)(1) and whether such a motion would be time-barred.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted to the extent that this appeal is terminated, and the case is transferred

to the Court of Federal Claims for further proceedings consistent with this order.

    (2)  All other pending motions are denied.

    (3)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

<u>May 28, 2024</u>
Date