**Kenneth V. JACOBS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5132.

United States Court of Appeals, Federal Circuit.

Jan. 17, 2002.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

ORDER

CLEVENGER, Circuit Judge.

The United States moves to dismiss Kenneth V. Jacobs' appeal as untimely. Jacobs opposes.

The certified list reflects that judgment was entered by the Court of Federal Claims on March 20, 2001. On May 25, 2001, the trial court denied "Plaintiff Jacobs Appeal," received on May 21, 2001, which the trial court treated as a request for relief from judgment under CFCR 60(b). On August 6, 2001, Jacobs filed a notice of appeal from the trial court's order relating to "the issue of Jurisdiction of the Court of Claims."

In response to the court's August 24, 2001 order and the United States subsequent motion to dismiss, Jacobs stated that the document received by the Court of Federal Claims on May 21, 2001, "Plaintiff Jacobs Appeal," constituted his notice of appeal. On October 12, 2001, this court advised the parties that the Court of Federal Claims' file does not contain this document, and directed the parties to provide a copy. The United States responds that it has "never received or seen a copy of 'Plaintiff Jacobs Appeal.'" Jacobs has not responded.

An appeal to this court from the Court of Federal Claims must be filed within 60 days of the entry of final judgment. *See* 28 U.S.C. §§ 2107(b), 2522. The Court of Federal Claims dismissed Jacobs' appeal on March 20, 2001. Jacobs' notice of appeal was due by May 21, 2001. In light of Jacobs' failure to produce the document he claims constituted his notice of appeal and because the Court of Federal Claims treated the document as a Rule 60(b) motion, Jacobs' appeal of the March 20, 2001 judgment is dismissed as untimely. Jacobs' appeal of the May 25, 2001 denial of his

Rule 60(b) motion is also dismissed as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to dismiss is granted.

(2) Each side shall bear its own costs.