**Ronald E. BROWN, Sr.,
Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5052.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 4, 2003.

Rehearing Denied Jan. 5, 2004.

Before GAJARSA, LINN, and DYK, Circuit Judges.

PER CURIAM.

### BACKGROUND

Plaintiff Ronald E. Brown, Sr., filed a complaint in the United States District Court for the Middle District of Florida, arguing that (1) the Army Board for Correction of Military Records erroneously failed to correct the records from his service in the military; (2) that, if his records had been corrected, he would have re-

ceived earlier promotions to the ranks of major, lieutenant colonel, and colonel; and (3) that he was entitled to retroactive pay and benefits. In addition, Mr. Brown sought to have the Court of Federal Claims "hold unconstitutional" various U.S. Army policies pursuant to which the Board refused to correct his records. (App. at 128.) The case was transferred to the Court of Federal Claims because Mr. Brown sought back pay in excess of $10,000. On November 6, 2001, the Court of Federal Claims dismissed Mr. Brown's action for lack of subject matter jurisdiction "with respect to plaintiff's claims for declaratory/injunctive relief and for tort damages" and granted the government's motion for judgment upon the administrative record "with respect to plaintiff's claim for the correction of military records (and resulting monetary relief)." *Brown v. United States*, No. 98–931C, slip op. at 12 (Fed.Cl. Nov. 6, 2001).

On November 26, 2001, Mr. Brown filed a motion for reconsideration. Because the motion was not filed within ten days of the entry of the judgment, it could not be treated as a motion to amend the judgment pursuant to Rule 59 of the Rules of the Court of Federal Claims, but it was a timely motion for relief from the judgment pursuant to Rule 60(b) of the Rules of the Court of Federal Claims ("Rule 60(b)"). *Brown v. United States*, No. 02–5052, slip op. at 2 (Fed.Cir. Aug. 1, 2002) (nonprecedential order) (*"Order"*). The Court of Federal Claims denied Mr. Brown's motion on November 29, 2001, and Mr. Brown filed a notice of appeal on January 8, 2002. The United States filed a motion in this court to dismiss the appeal pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, arguing that the motion was untimely because it was not filed within sixty days of the November 6, 2001, judgment. This court denied the motion to dismiss, but it limited Mr. Brown's ap-

peal "to the issue of the propriety of the denial of his Rule 60(b) motion" because only the appeal of that order was timely. *Order* at 3. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

### I

■ Mr. Brown raises several arguments with regard to the dismissal of his case by the Court of Federal Claims for lack of subject matter jurisdiction. However, because this appeal is limited to the issue of the propriety of the denial of Mr. Brown's Rule 60(b) motion, we cannot review the original judgment. "[A]n appeal from denial of [Fed.R.Civ.P.] 60(b) relief does not bring up the underlying judgment for review." *Browder v. Director, Dep't of Corrs. of Ill.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Similarly, an appeal from denial of relief pursuant to Rule 60(b), which is virtually identical to Fed.R.Civ.P. 60(b), *compare* Rule 60(b) *with* Fed.R.Civ.P. 60(b), does not bring up the underlying judgment for review. *See Info. Sys. and Networks Corp. v. United States*, 994 F.2d 792, 794 & n. 3 (Fed.Cir. 1993) (applying the *Browder* standard of review because "Rule 60(b) of the [Court of Federal Claims] is a virtual duplicate of Federal Rule of Civil Procedure 60(b)."). Therefore, we cannot review the Court of Federal Claims' original judgment.

### II

Mr. Brown also argues that the Court of Federal Claims erroneously denied his Rule 60(b) motion. In particular, Mr. Brown relies upon Rules 60(b)(1) and 60(b)(6). We review a denial of a Rule 60(b) motion for abuse of discretion. *Info. Sys. and Networks Corp.*, 994 F.2d at 794; *see also Browder*, 434 U.S. at 263 n. 7 ("The Court of Appeals may review the ruling only for abuse of discretion....").

■ Mr. Brown first relies on Rule 60(b)(1), pursuant to which he must demonstrate "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1). The government urges that we hold "that Rule 60(b)(1) cannot be invoked to obtain relief when the gravamen imputed is that the judgment was a mistake of law by the court." (Gov't Br. at 18.) However, we have held that "[u]nder Rule 60(b)(1), relief may be granted from 'judicial error' when inadvertence is shown and the motion is made within a reasonable time." *Patton v. Sec'y of the Dep't of Health and Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir.1994). Nevertheless, although Mr. Brown argued in his Rule 60(b) motion that the Court of Federal Claims erroneously applied the law, he raised no claims of inadvertent judicial error, such as the omission in *Patton* of an award compensating for pain and suffering that "was inadvertently and mistakenly overlooked." *Id.* Instead, the error committed by the Court of Federal Claims, if there was one, was explicit, rather than inadvertent. Therefore, the Court of Federal Claims did not abuse its discretion in denying Mr. Brown's motion under Rule 60(b)(1).

■ Second, Mr. Brown relies on Rule 60(b)(6), which is a broad provision that encompasses "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6). However, "[u]nless exceptional or extraordinary circumstances are shown, a [Fed.R.Civ.P.] 60(b)(6) motion is generally not granted." *CTS Corp. v. Piher Int'l Corp.*, 727 F.2d 1550, 1555 (Fed. Cir.1984) (*citing Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207 (1950) ("Neither the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to bring him within ... [Fed.R.Civ.P.] 60(b)(6).")).

Although Mr. Brown now asserts that his case involves such "extraordinary circumstances," he alleged no such circumstances in his motion before the Court of Federal Claims. Instead, he argued only that the original decision was erroneous because the court misconstrued his complaint. Nor does he allege any circumstances that qualify as extraordinary in his brief to this court. Even if the court did misconstrue the claims raised by Mr. Brown in his complaint, such a legal error would not constitute the type of extraordinary circumstances required by *Ackermann.* Nor can we discern from the record any extraordinary circumstances that would justify granting Mr. Brown's motion for relief from judgment. Therefore, the Court of Federal Claims did not abuse its discretion in denying Mr. Brown's motion under Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, the Court of Federal Claims' denial of Mr. Brown's Rule 60(b) motion is affirmed.