NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HENRY E. GOSSAGE,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5081

---

Appeal from the United States Court of Federal Claims in Case No. 09-CV-414, Judge Susan G. Braden.

---

Decided: August 5, 2010

---

HENRY E. GOSSAGE, of Olympia, Washington, pro se.

LAUREN S. MOORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge*, and LOURIE and MOORE, *Circuit Judges*.

PER CURIAM.

Henry E. Gossage appeals from the final decision of the United States Court of Federal Claims granting the government's motion for judgment on the administrative record that he was not entitled to disability retirement. *Gossage v. United States*, 91 Fed. Cl. 101 (2010). We affirm.

## BACKGROUND

Gossage enlisted in the Army on June 21, 1971 for a three-year term of service. While on duty, Gossage underwent a medical examination that determined that he had psoriasis. On April 22, 1974, prior to being released from active duty, Gossage underwent a complete medical examination as part of the discharge process. Despite noting his psoriasis, the examining physician concluded that Gossage was "physically qualified for separation." *Gossage*, 91 Fed. Cl. at 103. Gossage was assigned a physical profile rating of 111111, meaning that in each of six categories he was "considered to possess a high level of medical (physical and mental) fitness and, consequently . . . [was] medically fit for any military assignment." *Id.* (quoting Army Reg. 40-501 at 9-3c(1)). Gossage also completed a medical history form for the medical examination in which he stated that he was in good health. *Id.*

On June 20, 1974, after his three-year term, Gossage was honorably discharged. On that date, Gossage applied for disability compensation at the Veterans Administration ("VA"), which evaluated Gossage as having a service-connected 30% disabling condition of psoriasis. In August 1993, the VA increased Gossage's service-connected disability rating to 50%, and in November 1994, he was

granted an additional 20% disabling service-connected rating for psoriatic arthritis. In January 1998, Gossage was granted entitlement to an individual unemployability rating, effective June 1995.

In August 2005, Gossage applied to the Army Board for the Correction of Military Records (the "Board"), alleging that he "should have been granted a Military Medical Retirement based upon service connected disabilities incurred while on active duty . . . instead of an Honorable Discharge." *Id.* at 104. Gossage requested full medical retirement, as he had acquired psoriasis and the onset of psoriatic arthritis while serving on active duty and thus had not been physically qualified for discharge on June 20, 1974. The Board denied Gossage's application, finding that he had failed to meet the three-year statute of limitations for filing his application and that he had not shown a compelling reason to excuse his tardiness. The Board added that the VA's award of service connection did not establish physical unfitness for Army purposes, as the VA's and military retirement systems were based on different sets of criteria.

In June 2009, Gossage filed a complaint at the Court of Federal Claims, appealing the Board's denial of medical disability and alleging that the Army erred when it discharged him without disability retirement. The government moved for judgment on the administrative record, which the trial court granted. The court found that the Board's decision was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law. The court relied on the examining physician's decision that Gossage's psoriasis was not sufficient to be classified as medically unfitting. The court also relied on Gossage's own description of his health as "good." Given that the determination of fitness was a factual finding, the court determined that the Board had been supported by sub-

stantial evidence in deciding that Gossage did not have a medically unfitting condition at the time of his discharge. The court also noted that the VA's disability rating, which was based on his capacity to function in the civilian world in the future, was based on different standards from the Army's disability determination, which was based on impairments that would disqualify him from further service at the time of separation. Thus, the court determined that the VA's disability rating did not mandate that the Board find that Gossage was entitled to disability retirement.

Gossage timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

### DISCUSSION

"We review a decision of the Court of Federal Claims granting or denying a motion for judgment on the administrative record without deference. That is, we reapply the statutory review standards. Accordingly, we will not disturb the decision of the corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Gossage argues first that the Board erred in finding that the statute of limitations had run on his claim, asserting that the statute of limitations applies only after the Board has made a decision.* Gossage further argues

---

\* Although Gossage argues the statute of limitations here, he does not elaborate on the argument, and the Court of Federal Claims did not address it. In light of

that the Board's decision denying him disability retire-
ment was not supported by substantial evidence, as the
Army did not review his medical record of psoriasis, the
evaluating physician was not certified in the specialty of
dermatology, and the VA gave him a 30% disability rating
for severe psoriasis beginning the day after his discharge.
Gossage adds that the Army did not follow its own regula-
tions, which include psoriasis as a cause for medical
disqualification. Finally, Gossage asserts that he should
have received disability retirement because the evidence
of his later deterioration establishes that his incapacity
while in service was substantially more serious than
suspected and that the previous diagnosis was inade-
quate.

The government responds that the Board's decision
was supported by substantial evidence, as the Board
relied upon the examining physician's determination that
Gossage's psoriasis was not sufficient to be classified as
medically unfitting and upon Gossage's own description of
his health as good. According to the government, the
examining physician recognized Gossage's condition as
psoriasis and thus did not ignore his condition. Further-
more, the government asserts that the Army properly
followed its regulations, as psoriasis renders a service
member unfit only when it is "excessive and not control-
lable by treatment," and the examining physician did not
find it to be that severe. Gov't Br. at 9 (quoting Army
Reg. 40-501 at 3-33(w)).

We agree with the trial court that the Board's decision
was supported by substantial evidence and not contrary
to law. The Army provides for disability retirement when
a service member "is unfit to perform the duties of the

---

our decision on the merits, however, we need not address
it.

member's office, grade, rank, or rating because of physical disability."   10 U.S.C. § 1201 (1970), *available at* 10 U.S.C. § 1201(a) (2006).   As the government points out, the examining physician's report and Gossage's own statements provide substantial evidence to support the conclusion that he was not unfit to perform his duties because of a physical disability.   Furthermore, the Army was not, as Gossage attempts to argue, ignorant of his condition, as the examining physician noted his psoriasis and simply found that it did not render him unfit for service.

Although, around the same time, the VA gave Gossage a 30% disability rating for his psoriasis, the VA used different rating criteria from the Army's in determining disability retirement. *See Chambers*, 417 F.3d at 1227–28 (affirming denial of disability retirement despite VA's later disability rating).   For example, as the trial court concluded, the Army provides for disability retirement based on fitness for military duty, 10 U.S.C. § 1201 (1970), while the VA's disability rating decision is based on capacity to function in the civilian world, 38 U.S.C. § 355 (1970) ("The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations."), *available at* 38 U.S.C. § 1155 (2006).   Moreover, the Army's disability retirement decision is based on the service member's ability to continue service at that time, 10 U.S.C. § 1201 (1970), while the VA's disability rating decision is based on the service member's projected earning capacity in the future, 38 U.S.C. § 355 (1970).

Although Gossage argues that the later deterioration of his condition is evidence that it was more serious than suspected, citing *Harper v. United States*, 310 F.2d 405 (Ct. Cl. 1962), the Board reasonably found that, instead, Gossage's psoriasis had worsened over time.   Thus, Gos-

sage's later incapacitation is not a ground for reversal of the Board's decision.

We have considered Gossage's remaining arguments and do not find them persuasive.

CONCLUSION

Accordingly, the judgment of the Court of Federal Claims is

**AFFIRMED**

COSTS

No costs.