NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**CHANDRA D. PRICE, pro se representative of, CHRISTOPHER T. WYNN,**
*Petitioner-Appellant,*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee.*

———————————

2014-5041

———————————

Appeal from the United States Court of Federal Claims in No. 1:08-vv-00093-TCW, Judge Thomas C. Wheeler.

———————————

Decided: May 9, 2014

———————————

CHANDRA D. PRICE, of Cordova, Tennessee, pro se.

VORIS E. JOHNSON, JR., Assistant Director, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, RUPA BHATTACHARYYA, Director, and VINCENT J. MATANOSKI, Deputy Director.

———————————

Before WALLACH, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Chandra D. Price, pro se representative of her son, Christopher T. Wynn ("Christopher"), appeals the decision of the United States Court of Federal Claims denying her motion for review as time-barred. For the reasons set forth below, this court affirms.

BACKGROUND

On February 15, 2008, Ms. Price filed a petition under the Vaccine Act, 42 U.S.C. §§ 300aa-10 et seq., on behalf of her minor son Christopher alleging that his autism, or Autism Spectrum Disorder ("ASD"), was caused by vaccines he had received. Pursuant to statute, a Special Master was assigned to this case. In April 2009, Ms. Price filed the records required by § 300aa-11(c)(2) of the Vaccine Act.

According to the records, Christopher was born on June 26, 1991, and was diagnosed with ASD on June 29, 1994. The records also indicate that his ASD began to manifest in or around June 1993, at which time Christopher reportedly began to exhibit "communication problems and engage in self stimulating behaviors." Resp't's App. 24 (citation omitted).

On May 18, 2009, the Secretary of the Department of Health and Human Services ("the Secretary") filed a Motion to Dismiss, on the ground that a petition under the Vaccine Act must be filed no more than thirty-six months after the first manifestation or symptom of the onset of the injury. Because Christopher's ASD had occurred no later than his diagnosis on June 29, 1994, the Secretary argued Ms. Price was barred by the Vaccine Act's statute of limitations. On June 8, 2009, Ms. Price filed a Response to the Motion to Dismiss. On September

21, 2010, the Special Master ordered Ms. Price to inform the court whether she wanted to pursue her claim or dismiss the petition. On October 18, 2010, she informed the Special Master she would proceed with her claim.

On March 1, 2011, the court ordered Ms. Price to submit her theory of how the vaccines had caused Christopher's ASD. She responded that she believed the ASD was caused by the vaccinations "being given in back to back increments, and by mercury toxicity." *Id.* (internal quotation marks and citation omitted).

Attorney Richard Gage entered his appearance as counsel for Ms. Price on July 1, 2011. On December 22, 2011, the Special Master again ordered Ms. Price to advise the court whether she wished to pursue her claim. On June 1, 2012, Mr. Gage filed a Motion for Decision Dismissing Petition and on the same day, a decision denying entitlement issued. On June 6, 2012, the parties entered a joint notice not to seek review of the decision, and judgment was therefore entered on June 14, 2012.

Ms. Price filed an election rejecting the judgment on June 15, 2012. On April 22, 2013, Ms. Price, acting pro se, filed documents that the Special Master construed as a motion to reopen the case. Ms. Price explained that Mr. Gage had "misunderstood when Christopher's last vaccine had been administered, which caused him to erroneously conclude that the claim had been filed outside of the Vaccine Act's statute of limitations." *Id.* at 25 (citation omitted). On May 17, 2013, the Secretary filed a response to Ms. Price's motion to reopen her case, and on June 21, 2013, Ms. Price filed another document replying to the Secretary's filing. On October 1, 2013, the Special Master issued an order denying Ms. Price's motion to reopen, finding that she "had not shown adequate reason to reopen the case." *Id.* at 26. Specifically, the Special Master determined Ms. Price had failed to satisfy the

legal requirements for setting aside a judgment under Rule 60(b) of the Rules of the Court of Federal Claims.

On November 5, 2013, thirty-five days after the Special Master's decision not to set aside judgment, Ms. Price sent a letter (dated October 27, 2013) to the Court of Federal Claims that was docketed as a motion for review under statute. On December 11, 2013, the Court of Federal Claims denied Ms. Price's motion for review for lack of jurisdiction, determining her motion was untimely.

Ms. Price appealed to this court on January 10, 2014, and this court has jurisdiction under 42 U.S.C. § 300aa-12(f) (2012).

## DISCUSSION

Ms. Price challenges the merits of the Special Master's decision not to set aside judgment under Rule 60(b). She contends the Special Master "used [the] incorrect date on the date of [the] vaccine shot" for Christopher and that her filing under the Vaccine Act was within the three-year time limit. Pet'r's Br. 1. However, this court cannot reach the merits of the Special Master's decision, because the Court of Federal Claims denied Ms. Price's motion for review for lack of jurisdiction. *See Grimes v. Sec'y of Health & Human Servs.*, 988 F.2d 1196, 1199 (Fed. Cir 1993) (failure to seek review in the Court of Federal Claims within the statutory time period prevents review by this court). Therefore, the decision on appeal is the Court of Federal Claims' decision denying Ms. Price's motion to review. "Review of whether the Claims Court had jurisdiction to hear the motion to review the [S]pecial [M]aster's decision is *de novo*." *Widdoss v. Sec'y of Health & Human Servs.*, 989 F.2d 1170, 1174 (Fed. Cir. 1993).

As the Court of Federal Claims noted, "[t]he time period in which to file a motion for review of a [S]pecial [M]aster's decision is jurisdictional." Resp't's App. 8 (citing *Widdoss*, 989 F.2d at 1177). Because of this juris-

dictional nature, the Court of Federal Claims has found review untimely even when a short time period, such as one day, has passed. *See, e.g.*, *Mahaffey v. Sec'y of Health & Human Servs.*, 368 F.3d 1378, 1380 (Fed. Cir. 2004) (affirming the Court of Federal Claims' finding that the petitioner's motion for review was untimely because it was filed two days after the thirty-day deadline); *Decker v. Sec'y of Health & Human Servs.* 51 Fed. Cl. 288, 289 (2001) (finding the motion untimely because the motion was filed one day after the deadline). Ms. Price's motion for review was filed five days after this jurisdictional deadline. The Court of Federal Claims properly held it lacked jurisdiction and denied Ms. Price's motion for review.

To the extent subsequent Supreme Court and this court's en banc cases have cast into doubt the jurisdictional nature of the deadline to file a motion for review with the Court of Federal Claims, the Court of Federal Claims did not abuse its discretion in finding there were no extraordinary circumstances to justify equitable tolling.[1] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

The Court of Federal Claims first issued a Show Cause Order so Ms. Price could explain why she did not file her motion to review within the thirty-day time period. Explaining that "*pro se* plaintiffs receive more lati-

---

[1] *See, e.g.*, *Henderson v. Shinseki*, 131 S. Ct. 1197 (2011); *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1332 (Fed. Cir. 2011) (en banc). Ms. Price does not challenge *Widdoss* and other cases holding that the deadline to seek review of the Special Master's decision is jurisdictional, so this court does not address the issue.

tude in their pleadings and are not held to the rigid standards and formalities imposed upon parties represented by counsel," Resp't's App. 10, the court ordered Ms. Price to "attach as exhibits any evidence such as receipts or affidavits that explain why the five-day delay was caused by extraordinary circumstances out of her control," *id.* at 11.

On December 3, 2013, Ms. Price responded to the Show Cause Order explaining she had spoken with the Clerk's Office of the Court of Federal Claims who had told her the motion was due on November 2, 2013. The court found this information unpersuasive, especially since November 2, 2013, was a Saturday, a day when the Clerk's Office is closed. Moreover, the court correctly reasoned that, had there been misinformation given by the Clerk's Office, and the letter arrived over the weekend, it would have reached the Clerk's Office on Monday, November 4, not Tuesday, November 5. Furthermore, though Ms. Price maintained she sent the appeal by express mail and it arrived on November 2, 2013, she failed to include any evidence such as a receipt or tracking number to verify her assertion.

The Court of Federal Claims also reasonably noted that failure to apply equitable tolling would not create unfair results for Ms. Price. The court determined that "a review of the record suggests that Ms. Price is highly unlikely to succeed on the merits" because, as the Special Master determined, Ms. Price filed her claim outside of the statute of limitations period." *Id.* at 9. As noted above, Christopher was diagnosed with ASD on June 29, 1994, and Ms. Price did not file a claim until February 15, 2008. Under the Vaccine Act's limitations period, Ms. Price was required to file her claim within thirty-six months, or by June 29, 1997. Though under this court's en banc decision in *Cloer v. Sec'y of Health & Human Servs.*, the thirty-six month limitation period is subject to equitable tolling, there is no indication that equitable

tolling would apply to Ms. Price's delay of over ten years in filing her Vaccine Act Petition. *See* 654 F.3d 1322, 1340 (Fed. Cir. 2011) (en banc) ("We asked if *Brice* should be overruled to permit equitable tolling of 42 U.S.C. § 300aa–16(a)(2). We now answer that question in the affirmative."). Thus, the Court of Federal Claims correctly determined that "even if the Court were to grant Ms. Price's motion for review, her claim would not succeed." Resp't's App. 9.

CONCLUSION

For the reasons set forth above, the denial of the motion for review is

**AFFIRMED**