NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**G.L.G., a minor, by his parents and natural guardians, ERNEST GRAVES AND CHERYL W. GRAVES,**
*Petitioners-Appellants,*

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee.*

---

2014-5063

---

Appeal from the United States Court of Federal Claims in No. 1:09-vv-00080-FMA, Judge Francis M. Allegra.

---

Decided: August 7, 2014

---

G.L.G., a minor, by his parents and natural guardians, ERNEST GRAVES and CHERYL W. GRAVES, of Yulee, Florida, pro se.

RYAN D. PYLES, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General,

RUPA BHATTACHARYYA, Director, VINCENT J. MATANOSKI, Deputy Director, and GABRIELLE M. FIELDING, Assistant Director.

———————————

Before PROST, *Chief Judge,* O'MALLEY, and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Petitioners Cheryl and Ernest Graves ("Graves"),[1] on behalf of their son G.L.G.,[2] appeal the Court of Federal Claims's dismissal of their Motion for Review of the Special Master's decision. Because Graves's motion was untimely, we *affirm*.

## BACKGROUND

Graves sought compensation under the Vaccine Act, 42 U.S.C. §§ 300aa-10 *et seq.* (2012), on behalf of G.L.G. Graves filed a Short-Form Autism Petition for Vaccine Compensation on February 11, 2009, thus joining the Omnibus Autism Proceeding and adopting the Master Autism Petition for Vaccine Compensation.

On April 21, 2009, Graves filed medical records and a second pro se petition. After the Omnibus Autism Pro-

———————————

[1]   While both Ernest and Cheryl Graves are named as petitioners, only Cheryl Graves has participated in the proceedings or signed filings before the Court of Federal Claims or this court. Thus, we henceforth refer to only Ms. Graves as the petitioner.

[2]   Graves requested redaction of her son's name after the Special Master released his decision. *Graves ex rel G.L.G. v. Sec'y of Health & Human Servs.*, No. 09-0080V, 2013 WL 6503642, at \*1 n.1 (Fed. Cl. Nov. 19, 2013). Pursuant to her wishes, we will continue to refer to her son as G.L.G. in this opinion.

ceeding test cases concluded, Graves reasserted her desire to continue with her claim in an October 14, 2010 statement. In response, the Special Master required Graves to describe how a vaccine led to G.L.G.'s injuries. Graves explained that a combination of vaccines administered to G.L.G. on October 14, 2004, while G.L.G. was sick with cold symptoms, caused G.L.G.'s autism and epilepsy symptoms. On September 25, 2012,[3] the Special Master determined that Graves had not sufficiently demonstrated that she timely filed her petition within 36 months of the date of occurrence of "the first symptom or manifestation of onset or the significant aggravation" of G.L.G.'s autism, as required by 42 U.S.C. § 300aa-16(a)(2). The Special Master issued an order to show cause why he should not dismiss the petition as untimely filed. Graves argued that earlier statements she made regarding the first indications of G.L.G.'s speech delay were incorrect, and that the speech delay did not begin until later than she originally asserted. Graves also argued that G.L.G.'s pediatrician required her to seek Medicaid coverage to which she was not entitled, which she asserts was a form of duress sufficient for equitable tolling.

The Special Master issued an opinion on October 28, 2013, denying Graves's claims as filed after expiration of the Vaccine Act's statute of limitations. *Graves ex rel G.L.G.*, 2013 WL 6503642, at *4–6. The Special Master found that Graves's earlier statements, claiming that she observed G.L.G.'s speech regression between 24–30 months, were more reliable than her August 2013 statements that she did not observe any speech regression until G.L.G. was almost 3 years old. *Id.* In combination with evidence from G.L.G.'s medical records, the Special Master found sufficient evidence that "G.L.G. displayed

---

[3] At this point, Graves's case had been reassigned to a new Special Master.

symptoms of autism more than 36 months before this claim was filed." *Id.* at *7. The Special Master also found no basis to apply equitable tolling. *Id.* The decision reissued on November 19, 2013 to account for the redaction of G.L.G.'s name and exact birthdate.

Graves mailed a "Motion to Appeal Decision of Untimely Filed Vaccine Claim" ("Motion for Review") to the Court of Federal Claims on November 27, 2013. The Court of Federal Claims, however, did not receive the motion until December 2, 2013. On December 2, the Court of Federal Claims issued a one sentence judgment adopting the Special Master's dismissal of Graves's petition as untimely filed under the Vaccine Act's statute of limitations.

The Court of Federal Claims then addressed the arguments Graves made in her Motion for Review. Graves claimed that the Special Master did not give appropriate weight to her statements that G.L.G. began to regress between 30–36 months, and that her pediatrician's continued requirement that she seek Medicaid should be a basis for equitable tolling. In a January 28, 2014 order, the Court of Federal Claims dismissed Graves's Motion for Review as untimely filed under 42 U.S.C. § 300aa-12(e)(1) and Rule 23 of the Vaccine Rules of the United States Court of Federal Claims ("Vaccine Rules"). The Court of Federal Claims stated that Graves had 30 days to file the Motion for Review after the Special Master's decision issued. The Court of Federal Claims identified November 28, 2013 as the day the deadline expired. Because the Court of Federal Claims did not receive the Motion for Review until December 2, and it is the day the clerk receives the motion that controls, the Court of Federal Claims held that Graves's Motion for Review, like her original petition, was untimely.

In response to the January 28, 2014 order, Graves filed a "Motion to Appeal Decision on Motion for Review"

on February 18, 2014. Graves argued that, because November 28, 2013 was Thanksgiving Day, and thus a legal holiday, receipt on December 2 was timely as December 2 was the first day the Court of Federal Claims was open after the Thanksgiving holiday. The Court of Federal Claims issued a new order on February 24, 2014. The Court of Federal Claims first held that because its rules did not provide for a "motion for reconsideration," it would treat Graves's February 18 filing as a Rule 60(b) motion for relief from judgment. Next, the Court of Federal Claims identified an error in its January 28, 2014 order—Graves's 30-day period to file the Motion for Review with the Court of Federal Claims expired on November 27, 2013, not November 28 as identified in the order. Thus, because Graves's Motion for Review was not received on November 27, a day when the Clerk's office was open, the Court of Federal Claims again found the Motion for Review to be untimely.

Graves then filed a "Notice to Appeal" to our court on March 19, 2014. In her Notice, Graves claimed that both she and G.L.G. were "very ill" during the week of Thanksgiving 2013, and attached hospital records showing that G.L.G. received treatment for a seizure disorder on November 24, and Graves received treatment for acute bronchitis on November 29.

We have jurisdiction under 42 U.S.C. § 300aa-12(f).

ANALYSIS

On appeal, Graves challenges the Court of Federal Claims's determination that her December 2, 2013 Motion for Review was untimely, and also the underlying merits of the Special Master's decision. As to the timeliness of her appeal, Graves argues that the illnesses which she and G.L.G. suffered on or about the filing deadline should excuse her late filing. The government contends, first, that Graves's March 19, 2014 "Notice to Appeal" to this court was itself untimely, and, second, that the Court of

Federal Claims did not err in holding that the December 2 Motion for Review was also untimely filed.

The Court of Federal Claims dismissed Graves's Motion for Review for lack of jurisdiction. Therefore, we do not reach the merits of the underlying Special Master's decision, including its decision on Graves's claim that her obligation to timely file a petition should have been equitably tolled. *See Mahaffey v. Sec'y of Health & Human Servs.*, 368 F.3d 1378, 1382–83 (Fed. Cir. 2004); *Grimes v. Sec'y of Health & Human Servs.*, 988 F.2d 1196, 1199 (Fed. Cir. 1993). We only consider whether we have jurisdiction to consider this appeal and, if so, review the Court of Federal Claim's dismissal of Graves's Motion for Review as untimely filed.

I

The government alleges that we should dismiss this appeal for lack of jurisdiction because Graves failed to file a timely Notice of Appeal with this court. The Vaccine Act provides that:

> The findings of fact and conclusions of law of the United States Court of Federal Claims on a petition shall be final determinations of the matters involved, except that the Secretary or any petitioner aggrieved by the findings or conclusions of the court may obtain review of the judgment of the court in the United States court of appeals for the Federal Circuit upon petition filed *within 60 days* of the date of the judgment with such court of appeals within 60 days of the date of entry of the United States Claims Court's judgment with such court of appeals.

42 U.S.C. § 300aa-12(f) (emphasis added). This filing period is jurisdictional, and therefore mandatory. *Bowles v. Russell*, 551 U.S. 205, 213–14 (2007) (holding that the statutory limit on the time to file a notice of appeal from a

district court to a court of appeal is jurisdictional); *cf. Henderson v. Shinseki*, — U.S. —, 131 S. Ct. 1197, 1204–05 (2011) (holding that the 120-day time limit to appeal from a decision of the Court of Appeals for Veterans Claims to the Federal Circuit is jurisdictional).

The Court of Federal Claims entered judgment on December 2, 2013. Graves filed her Notice of Appeal on March 19, 2014. Graves did not file a Notice of Appeal within 60 days of the date on which the Court of Federal Claims entered final judgment. Graves did, however, file a "Motion to Appeal Decision on Motion for Review" on February 18, 2014, which the Court of Federal Claims construed as a Rule 60(b) motion for relief from judgment. The Court of Federal Claims issued an order in response to this February 18 motion on February 24. Graves filed a Notice of Appeal within 60 days of that February 24 order.

The fact that Graves filed a Rule 60(b) motion does not alter the 60-day timeline to appeal entry of a final judgment. *See, e.g.*, *Brown v. United States*, 80 F. App'x 676, 677–78 (Fed. Cir. 2003); *Jacobs v. United States*, 31 F. App'x 669, 669 (Fed. Cir. 2002). Thus, Graves's appeal of the December 3, 2013 final judgment was not timely.[4] Graves did, however, timely appeal the denial of her Rule 60(b) motion.

We are, therefore, limited in this appeal to reviewing the Court of Federal Claims's denial of Graves's Rule 60(b) motion.

---

[4] Even if the Court of Federal Claims had construed Graves's February 18, 2014 filing as a Notice of Appeal, rather than a motion pursuant to Rule 60(b), the result would be the same; the Notice of Appeal of the final judgment would not have been timely filed within 60 days of final judgment.

## II

Typically, we review whether the Court of Federal Claims had jurisdiction to hear a motion to review a Special Master's decision de novo. *Widdoss v. Sec'y of Health & Human Servs.*, 989 F.2d 1170, 1174 (Fed. Cir. 1993). We review the Court of Federal Claims ruling on a Rule 60(b) motion, however, for an abuse of discretion. *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1376 (Fed. Cir. 2002). "An abuse of discretion exists when the trial court's decision is clearly unreasonable, arbitrary or fanciful, or is based on clearly erroneous findings of fact or erroneous conclusions of law." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013) (internal quotation marks omitted).

The Vaccine Act states that "[u]pon issuance of the [S]pecial [M]aster's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision." 42 U.S.C. § 300aa-12(e)(1). The Court of Federal Claims Vaccine Rule 23(a) provides that a petitioner "must file a motion for review with the clerk within 30 days after the date the decision was filed," and that "no extensions of time will be permitted . . . and the failure of a party to file a motion for review in a timely manner will constitute a waiver of the right to obtain review." R. Ct. Fed. Cl., App'x B, Vaccine R. 23(a). We have previously held that "the 30-day time period in which to file a motion for review under section 300aa-12(e)(1) is jurisdictional." *Widdoss*, 989 F.2d at 1177.

In *Widdoss*, we similarly determined the effect of a Rule 60(b) motion on the 30-day filing deadline under § 300aa-12(e)(1). There, a petitioner filed her motion to review the Special Master's decision 31 days after the decision issued. *Id.* at 1174. The clerk of the Court of Federal Claims entered a *sua sponte* final judgment as

mandated by § 300aa-12(e)(3), and the petitioner filed a motion for reconsideration that the Court of Federal Claims treated as a Rule 60(b) motion. *Id.* The Court of Federal Claims granted relief under Rule 60(b) "in accordance with the spirit and purpose of the Vaccine Act," and proceeded to rule on the merits of the Special Master's decision. *Id.* We held that Rule 60(b) cannot be used to "escape a jurisdictional limitation." *Id.* at 1177–78. Rule 60(b) does not toll or extend the time period to file a motion for review, and does not permit us to review the merits of the Special Master's decision. Thus, under *Widdoss*, we may only consider if the Court of Federal Claims abused its discretion in denying the Rule 60(b) motion.

In Graves's "Motion to Appeal Decision on Motion for Review," she sought reconsideration on the basis that November 28 was a "Legal Holiday." Per her argument, the Court of Federal Claims received the Motion for Review on December 2, which was the first day the Court of Federal Claims was open after the Thanksgiving holiday, and the motion was therefore timely under Vaccine Rule 19(a)(1). The Court of Federal Claims found that, while it had mistakenly stated that the deadline to file the Motion for Review was November 28, the actual 30-day review period ran on November 27. According to the Court of Federal Claims, because November 27 was not a holiday or a weekend, the Court of Federal Claims found it had to receive the motion by November 27 for the motion to be timely.

The Court of Federal Claims did not abuse its discretion in denying the Rule 60(b) motion. As mentioned, the 30-day deadline in 42 U.S.C. § 300aa-12(e)(1) is a jurisdictional deadline not subject to extension. *Widdoss*, 989 F.2d at 1177. And, the Vaccine Rules state that the date a motion or petition is received is the date the clerk receives the motion for filing, not the date of mailing or the date listed on the certificate of service. R. Ct. Fed.

Cl., App'x B, Vaccine R. 17(b)(4)(A) ("A document in paper form is filed when it is received and marked filed by the clerk, not when mailed."). It is undisputed that the clerk received Graves's Motion for Review on December 2, 2013. And, because the Special Master's decision issued on October 28, 2013, the 30-day deadline to file the Motion for Review ran on November 27, 2013. *See* R. Ct. Fed. Cl., App'x B, Vaccine R. 19(a)(1) (stating that the 30-day period excludes the day of the event triggering the deadline, but includes every day thereafter, including intermediate weekends and legal holidays). While the Court of Federal Claims's January 29, 2014 order mistakenly identified November 28 as the day that Graves's 30-day period ran, this order issued after the actual deadline had passed and did not influence Graves's decision to file after the 30-day deadline passed on November 27, 2013.

To the extent the Supreme Court's decision in *Henderson v. Shinseki* might cast doubt on the jurisdictional nature of the 30-day deadline in 42 U.S.C. § 300aa-12(e)(1), Graves does not challenge *Widdoss* or subsequent cases holding that the deadline is jurisdictional. *See, e.g.*, *Price v. Sec'y of Health & Human Servs.*, No. 2014-5041, 2014 WL 1855585, at *2–3 (Fed. Cir. May 9, 2014). Even if equitable tolling arguments could apply to 42 U.S.C. § 300aa-12(e)(1), moreover, we could not address those arguments in this appeal, because her Motion to Appeal Decision on Motion to Review (Rule 60(b) Motion) did not raise any equitable tolling arguments. Claims of illness surrounding her filing deadline were first made in her March 19, 2014 Notice to Appeal. For these reasons, we do not decide whether equitable tolling could be a grounds to forgive Graves's late filing with the Court of Federal Claims.

## Conclusion

The Court of Federal Claims did not abuse its discretion in denying Graves's Rule 60(b) motion because

Graves failed to file her Motion for Review of the Special Master's decision within the statutory 30-day time period. We thus affirm the Court of Federal Claims dismissal of Graves's petition for compensation under the Vaccine Act.

**AFFIRMED**