NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAREY L. JOHNSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1035

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00959-EJD, Senior Judge Edward J. Damich.

---

Decided: February 15, 2018

---

CAREY L. JOHNSON, Hercules, CA, pro se.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before PROST, *Chief Judge,* SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Carey L. Johnson, proceeding pro se, appeals from the decision of the Court of Federal Claims (Claims Court) denying his motion for relief from judgment under Rule 60(a) of the Rules of the Court of Federal Claims (RCFC). Mr. Johnson served in the United States Marine Corps from June 1995 to December 1997. *Johnson v. United States*, No. 15-959C, 2016 WL 6427655, at *1 (Fed. Cl. Oct. 27, 2016). Because the Claims Court did not err in denying Mr. Johnson's Rule 60(a) motion, we affirm.

In 1997, Mr. Johnson was honorably discharged due to a diagnosis of scoliosis and chronic back pain. *Id.* Mr. Johnson's case was reviewed by a Physical Examination Board (PEB) that determined that he was entitled to severance pay corresponding to a 10% disability rating for his back pain. *Id.* He accepted these findings and was discharged with severance pay pursuant to 10 U.S.C. § 1212. *Id.*

In 2011, Mr. Johnson obtained a medical opinion "stating that [he] suffered from bipolar disorder while in service." *Johnson*, 2016 WL 6427655, at *1. In 2014, Mr. Johnson filed an application with the Board of Corrections for Naval Records (BCNR) seeking disability retirement with a 100% disability rating for his bipolar disorder and an award of retroactive benefits associated with that retirement. In 2015, the BCNR denied his application. *Id.* Later, the BCNR went on to deny his petition for reconsideration and his later petition for additional review. *Id.* Mr. Johnson in turn filed a complaint in the

Claims Court for his requested disability rating and retirement benefits.[1]

In 2016, the Claims Court denied Mr. Johnson's claim as time-barred under 28 U.S.C. § 2501 because his disability retirement cause of action had accrued when the PEB issued its disability rating decision in 1997. *Id.* at *3. Thus, the court found that the six-year statute of limitations in § 2501 had run well before Mr. Johnson filed his complaint in 2015. *Id.* Approximately ten months later, in August 2017, Mr. Johnson filed a motion for relief from judgment under RCFC Rule 60(a). The Claims Court considered the motion but found it to be unpersuasive.

Mr. Johnson timely filed a notice of appeal of the Claims Court's rejection of his motion for relief from judgment.[2] We have jurisdiction over his appeal under 28 U.S.C. § 1295(a)(3).

---

[1] Disability retirement awarded by military PEBs differs from disability compensation awarded by the Veterans Administration in that "the [military] provides for disability retirement based on fitness for military duty, 10 U.S.C. § 1201, while the VA's disability rating decision is based on capacity to function in the civilian world, 38 U.S.C. § 355." *Gossage v. United States*, 394 F. App'x 695, 698 (Fed. Cir. 2010). At the same time, "the [military's] disability retirement decision is based on the service member's ability to continue service at that time, 10 U.S.C. § 1201, while the VA's disability rating decision is based on the service member's projected earning capacity in the future, 38 U.S.C. § 355." *Id.*

[2] The United States argues that Mr. Johnson's appeal is untimely because it is directed to the original judgment and because his motion for reconsideration was untimely. United States Br. 6–8. We disagree. Mr.

Like the Claims Court, we are sympathetic to Mr. Johnson's bipolar disorder. But also like the Claims Court, we agree that his claim for disability retirement is time-barred. Our precedent makes clear that if a service member receives a disability retirement decision from a "Retiring Board" (the previously used term for a PEB), his or her claim for disability retirement accrues at that time. *Chambers v. United States*, 417 F.3d 1218, 1225 (Fed. Cir. 2005) (quoting *Friedman v. United States*, 310 F.2d 381, 396 (Ct. Cl. 1962)). Mr. Johnson received a disability rating from a PEB in 1997 and his claim for disability retirement accrued at that time. The six-year statute of limitations thus expired in 2003. *See* 28 U.S.C. § 2501. Mr. Johnson asks us to equitably toll the statute of limitations to allow his suit. Johnson Reply Br. 1. However, the Claims Court has a jurisdictional statute of limitations that may not be equitably tolled. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008); *Johnson*, 2016 WL 6427655, at *3.

We have considered all of Mr. Johnson's other arguments and find them unpersuasive. To the extent that the Claims Court's opinion on Mr. Johnson's Rule 60(a) motion incorporated any of Mr. Johnson's other claims,

---

Johnson's notice of appeal is directed to the denial of his motion for relief from judgment, not to the original judgment. *See* App'x 53. A notice of appeal from an order disposing of any of the categories of reconsideration motions set forth in Federal Rule of Appellate Procedure 4(a)(4)(A) is timely if it is filed within 60 days from the issuance of the order denying that motion. *See id.* Rule 4(a)(4)(B)(ii); *see also Brown v. United States,* 80 F. App'x 676, 678 (Fed. Cir. 2003) ("[B]ecause this appeal is limited to the issue of the propriety of the denial of Mr. Brown's Rule 60(b) motion, we cannot review the original judgment.").

such as his claims for back pay and rank reinstatement, we note that Mr. Johnson's motion for reconsideration was limited only to his claim for disability retirement, App'x 50–52, and that his briefing before this court is limited to that claim. Johnson Opening Br. 1. For the foregoing reasons, the order of the Court of Federal Claims denying Mr. Johnson's motion for relief from judgment is

## AFFIRMED

### Costs

No costs.