NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**J.A.C.,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

———————————

2025-1751

———————————

Appeal from the United States Court of Federal Claims in No. 1:03-vv-02807-TMD, Judge Thompson M. Dietz.

———————————

Decided:  December 29, 2025

———————————

J.A.C., Venice, FL, pro se.

ELEANOR HANSON, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by C. SALVATORE D'ALESSIO, HEATHER LYNN PEARLMAN, BRETT SHUMATE.

———————————

Before LOURIE, REYNA, and CUNNINGHAM, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* REYNA.

*Circuit Judge* CUNNINGHAM concurring in the result.

REYNA, *Circuit Judge.*

Pro se appellant J.A.C. appeals the United States Court of Federal Claims' denial of his August 19, 2024 motion to seal in the proceedings below. We affirm in part and reverse in part and remand.

BACKGROUND

I.

The Vaccine Act created the National Vaccine Injury Compensation Program through which claimants can petition to receive compensation for vaccine-related injuries or death. 42 U.S.C. § 300aa-10(a). It is well-established that the Vaccine Act is a "pro-claimant regime" meant to allow injured individuals a fair and fast path to compensation. *See, e.g., K. G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1380 (Fed. Cir. 2020).

The Vaccine Act established an Office of Special Masters within the United States Court of Federal Claims ("Claims Court") to issue decisions on petitions for compensation. § 300aa-12(c)(1). If a petitioner disagrees with the special master's decision, he can seek review of the decision by a judge of the Claims Court. § 300aa-12(d)(3)(A). He can then appeal the Claims Court's decision to this court. § 300aa-12(f).

The Vaccine Act has protections in place for petitioner's sensitive information. Under the Act, no "information" submitted by petitioner to the special master or the court can be disclosed to anyone who is not a party without express written consent by the petitioner. § 300aa-12(d)(4). A "decision," however, by the special master or the court in a Vaccine Act proceeding "shall be disclosed," with one exception: if the petitioner "objects" to the inclusion of certain pieces of information, such as "trade secret or commercial

or financial information," or "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy," the "decision shall be disclosed without such information." *Id.*

The Claims Court also has protections in place for sensitive information. First, in its local rules for vaccine cases, also known as the "Vaccine Rules," all filings made in a Vaccine Act case are "made available only to the special master, the judge, and the parties." Vaccine Rule 18(a). Additionally, a decision by the special master or a Claims Court judge will be held for 14 days to allow each party the opportunity to object to the public disclosure "of any information . . . that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).[1]

The Claims Court provides extra protections for minors' information. In 2008, the local rules for all cases filed before the Claims Court, i.e., the "Rules of United States Court of Federal Claims" ("RCFC"), were amended to add RCFC 5.2, which provides that for a filing with the court that contains "the name of an individual known to be a minor," the "filing may include *only*: . . . the minor's initials." RCFC 5.2(a)(3) (emphasis added). In 2011, Vaccine Rule 16 was amended to provide that "[i]f the petition is filed on behalf of a minor, the caption may include *only* the minor's initials." Vaccine Rule 16(b) (emphasis added).

## II.

### A. 2012 Decision

In 2003, J.A.C.'s mother filed a petition for compensation on his behalf, alleging J.A.C., who was a small child at the time, was injured because of a childhood vaccine.

---

[1]    Vaccine Rule 18 was in place as of 2003, when J.A.C.'s mother filed his petition for compensation.

J.A.C. and his mother were represented by counsel at the time of filing his petition. J.A. 42. Given that the current versions of Vaccine Rule 16(b) and RCFC 5.2(a)(3) were not in effect then, J.A.C.'s petition referenced his full name, even though he was a minor.

On January 9, 2012, the special master dismissed J.A.C.'s petition ("2012 Decision"). Relevant here, and for reasons not clear in the record, the 2012 Decision contained J.A.C.'s full name instead of his initials, J.A.C., even though appellant was a minor and RCFC 5.2(a) and Vaccine Rule 16(b) now required parties to only use minors' initials in Vaccine Act proceedings. Specifically, the first page of the 2012 Decision displays the case caption, which uses J.A.C.'s full name and his mother's full name. J.A. 23. The first page also notes J.A.C.'s medical condition. *Id.* The remainder of the decision refers to J.A.C. by his first name. J.A. 24–25.

The 2012 Decision noted that pursuant to Vaccine Rule 18(b), the special master will publish the opinion on the Claims Court's website and that a party has 14 days from the date of the decision to move the court for redactions to the decision. J.A. 23. No motion to redact the 2012 Decision was filed.[2] J.A. 27. The 2012 Decision was subsequently published on the Claims Court's website, where it remains currently accessible. As J.A.C. noted below, a search of his name on an internet search engine, such as Google, will bring up the 2012 Decision from the Claims Court's website. *Id.*

---

[2] J.A.C. and his mother were still represented by counsel at the time of the 2012 Decision. J.A. 27. J.A.C. claims his mother was "never made aware" by their attorney about the "redaction of the case . . . or it's ramifications if steps to not redact were not taken." Informal Br. 4–5.

### B.  2019 – 2020 Proceedings

On April 26, 2019, J.A.C.'s mother filed a "motion for consideration," seeking to redact the 2012 Decision.[3] J.A. 27.  The motion noted that the 2012 Decision "could be found through Google, had exposed her son's 'protected health information' and had made him a target of bullying."  *Id.*  The motion requested that the Office of Special Masters "remove" the 2012 Decision and "link from the internet."  *Id.*  The government did not respond to the motion. *Id.*

In June 2019, the special master granted in part the motion despite it being filed seven years after the issuance of the 2012 Decision ("June 2019 Order").  J.A. 29–30.  The special master noted that J.A.C.'s mother did not have "the opportunity to avail herself of [Vaccine] Rule 16(b)'s protection of a minor's privacy at the time that she originally filed the petition in 2007,"[4] and that "[h]ad the petition been filed today, J.A.C.'s name would have been redacted as a matter of course."  J.A. 28–29.  The special master also noted that J.A.C.'s mother "offered a compelling reason for redaction.  She asserts . . . the fully-realized fear that the exposure of her son's medical information would disrupt his socialization and emotional health as he grew older." J.A. 29.

Thus, the special master ordered that the caption for J.A.C.'s case, Case No. 3-2807, and the case caption displayed on CM/ECF online, be amended to reflect J.A.C.'s

---

[3]    At this point, J.A.C. and his mother were no longer represented by counsel.  J.A. 27.

[4]    This is incorrect. The petition was filed in 2003, not 2007.  J.A. 42.

initials, J.A.C., and to remove his mother from the caption. *Id.*[5]

This order to change the case caption, however, did not apply retroactively such that the case caption in the 2012 Decision only reflected J.A.C.'s initials. *Id.* Rather, the special master explained that any redaction to the 2012 Decision was not feasible since the 2012 Decision had been available on the internet for seven years and thus "can be found on other legal research sites." *Id.*

On June 26, 2019, J.A.C. moved for reconsideration of the June 2019 Order. J.A. 31. The government did not respond to the motion. J.A. 32. J.A.C. requested that the June 2019 Order not be publicly posted online or, alternatively, that his mother's full name in the body of the order be redacted to display only her initials. *Id.* The special master granted in part the motion, ordering redaction of the order to only display the initials of J.A.C.'s mother ("August 2019 Order"). J.A. 33.

On January 12, 2020, J.A.C. filed a document titled "Complaint," seeking to enforce the August 2019 Order. J.A. 36. J.A.C. argued that a search of his full name on the internet leads to the 2012 Decision on the Claims Court's website, which contains his full name in the case caption, instead of his initials, J.A.C., and his first name in the body of the decision. *Id.* J.A.C. requested that the link to the 2012 Decision on the Claims Court's website be "disabled or the last name removed and changed to reflect J.A.C. in the filename." *Id.* The government did not respond to the Complaint. *Id.*

---

[5]    The special master explained that because appellant had reached the "age of majority," the case caption could be amended to reflect only J.A.C. as the petitioner. J.A. 29.

The special master rejected J.A.C.'s redaction request ("April 2020 Order"). J.A. 39. The special master explained even if the 2012 Decision were to be redacted on the Claims Court's website, "it is impossible to remove it from the internet as a whole," given that an "unknown number of legal research and other websites" could have picked up the 2012 Decision and posted it on their respective websites. J.A. 37, J.A. 39.

### C. Instant Proceedings

In 2024, J.A.C. filed a motion, seeking to seal all records in his case and giving rise to the instant appeal. J.A. 12. The special master denied the motion ("December 2024 Order"), explaining that there were two categories of information at issue: (1) the 2012 Decision itself; (2) and all the other filings, including J.A.C.'s medical records, made in Case No. 3-2087. J.A. 13–14. With respect to the 2012 Decision, the special master found that there is "simply no further relief possible." J.A. 13. The special master found that "[a]ll redactions permissible under the Act were permitted by two orders [the June 2019 and August 2019 orders]." *Id.* (emphasis omitted). As for the filings in the case, the special master noted J.A.C.'s request is a "redundant form of relief," given that all filings in Case No. 3-2807 are already effectively filed under seal because they are only accessible to court personnel and parties to the case. J.A. 14.

J.A.C. then filed a motion for review of the special master's December 2024 Order in the Claims Court. J.A. 18. The Claims Court denied the motion for review. J.A. 15–22.

J.A.C. appeals. We have jurisdiction pursuant to 42 U.S.C. § 300aa-12.

### DISCUSSION

"We review an appeal from the Court of Federal Claims in a Vaccine Act case de novo, applying the same standard

of review as the Court of Federal Claims applied to its review of the special master's decision." *Broekelschen v. Sec'y of Health & Hum. Servs.*, 618 F.3d 1339, 1345 (Fed. Cir. 2010). Thus, we review questions of law de novo, uphold the special master's factual findings unless they are arbitrary or capricious, and review the special master's discretionary rulings for an abuse of discretion. *Munn v. Sec'y of Dep't of Health & Hum. Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992). "An abuse of discretion exists when the trial court's decision is clearly unreasonable, arbitrary or fanciful, or is based on clearly erroneous findings of fact or erroneous conclusions of law." *G.L.G. ex rel. Graves v. Sec'y of Health & Hum. Servs.*, 577 F. App'x 976, 980 (Fed. Cir. 2014) (quoting *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013)).

At issue is the special master's December 2024 Order. Informal Br. at 1. For the following reasons, we affirm in part, and reverse in part, and remand.

As previously noted, J.A.C.'s 2024 motion concerned two categories of information: the 2012 Decision and the filings in Case No. 3-2807. Turning to the latter category, the Vaccine Act requires all filings, including medical records, submitted in a case to be shielded from public view and made available only to parties to the proceedings and court personnel. *See* 42 U.S.C. § 300aa-12(d)(4)(A); Vaccine Rule 18(a). Thus, given that all filings in Case No. 3-2807 are already shielded from public view, the special master did not abuse his discretion, err as a matter of law, or make arbitrary or capricious findings in denying appellant's request to seal the filings in Case No. 3-2807.

As to the 2012 Decision, the special master's determination was an abuse of discretion. While the special master has discretion to deny or grant J.A.C.'s 2024 motion, the special master cannot base such action on "clearly unreasonable, arbitrary or fanciful, or . . . clearly erroneous findings of fact or erroneous conclusions of law." *Lazare*

*Kaplan*, 714 F.3d at 1293. Here, the special master based his denial of J.A.C.'s request, which we construe as a request for redaction of the 2012 Decision, on two erroneous factual findings: that the special master lacked "control" over the 2012 Decision and that redaction of the 2012 Decision was "impossible" given that the decision has been made public for several years. J.A. 13.

First, the special master has control over the 2012 Decision posted on the Claims Court's website and has the authority to redact J.A.C.'s name from the 2012 Decision. *Burns by Burns v. Sec'y of Dep't of Health & Hum. Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) ("A special master . . . has wide discretion in conducting the proceedings in a case."). Indeed, special masters redact such information regularly. *See, e.g.*, *Windhorst v. Sec'y of Health & Hum. Servs.*, No. 13-647V, 2017 WL 728045, at *4 (Fed. Cl. Jan. 10, 2017) (noting that "it is common in cases involving minor children to redact to initials").

Second, redaction of J.A.C.'s name from the 2012 Decision on the Claims Court's website is not "impossible." To the contrary, the special master can quickly and efficiently redact the 2012 Decision. To the extent the special master relied on findings articulated in the June 2019 and April 2020 orders, i.e., that there could be public copies of the 2012 Decision posted on the internet and thus any redaction of the 2012 Decision on the Claims Court website would be futile, J.A. 29, J.A. 37, such findings are unsupported by the record. There is no evidence in the record before us of other public copies besides the version on the Claims Court website. Additionally, J.A.C. has only narrowly argued that the 2012 Decision posted on the Claims Court website causes him harm because a Google search of his name will lead to this version of the decision. Informal Br. 8; J.A. 27, J.A. 36. Thus, the special master's findings that other public copies render redaction "impossible" is clearly erroneous.

The special master is not an advocate.[6]  Rather, the special master makes findings of fact and conclusions of law based on the record before him.  *See* 42 U.S.C. § 300aa-12(a), (d).  To overlook J.A.C.'s evidence and argument and instead base the denial on an unsubstantiated theory that other public copies of the 2012 Decision exist runs counter to the pro-claimant purpose of the Vaccine Act and undercuts the protections afforded to minors under Vaccine Rule 16(b) and RCFC 5.2(a)(3).

In sum, the special master denied J.A.C. the narrow remedy of redaction based on clearly erroneous factual findings.  This is an abuse of discretion.[7]

---

[6]  In 2019 and 2020, the government never responded to J.A.C.'s requests for redaction, and hence, never argued against J.A.C.'s request. The notion that other public copies of the 2012 Decision exist was raised sua sponte by the special master in the June 2019 and April 2020 orders. J.A. 29, J.A. 37.

[7]  Additionally, to the extent the special master relied on J.A.C.'s failure to request redaction within the 14-day deadline under Vaccine Rule 18(b) as a basis to deny appellant's request for redaction, such reasoning is legally erroneous.  Special masters cannot rely on Vaccine Rule 18(b) to shift the burden to the minor to request redaction of his name in order for such information to be protected from public disclosure.  The names of minors are protected information shielded from public disclosure under Vaccine 16(b) and RCFC 5.2(a)(3).  The requirements to use a minor's initials under these rules equally apply to special masters.  Otherwise, a special master's disclosure of a minor's name in a decision would render futile the protections offered to minors under Vaccine Rule 16(b) and RCFC 5.2(a)(3).  Thus, reading Vaccine Rule 18(b) harmoniously with Vaccine Rule 16(b) and RCFC 5.2(a)(3), requests for redaction

## CONCLUSION

For the reasons stated above, we affirm in part, reverse in part, and remand the Claims Court's decision affirming the special master's December 2024 Order. The Claims Court should remand this case to the special master and order the removal of J.A.C.'s name from the 2012 Decision posted on the Claims Court website and from the accompanying URL. Only appellant's initials, J.A.C., shall be displayed in the 2012 Decision posted on the Claims Court's website.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

COSTS

Costs to J.A.C.

---

under Vaccine Rule 18(b) concerns information other than a minor's name.